1
2
3
4
5
6
7
8

IN  THE  UNITED  STATES  DISTRICT COURT

9

FOR  THE  WESTERN  DISTRICT  OF  WASHINGTON

10

SEATTLE  DIVISION

11

| | |
|---|---|
| CHARLES GREG  NYGARD, | ) Civil No.: |
| | ) |
| | ) ***COMPLAINT***: |
| Plaintiff, | ) |
| | ) RACKETEER INFLUENCED and |
| vs. | ) CORRUPT ORGANIZATIONS ACT |
| | ) OF 1970 ["RICO"][Title 18 United |
| MORTGAGE ELECTRONIC | ) States Code §§ 1961, et.seq.] ***RE:*** |
| REGISTRATION SYSTEMS, INC., | ) RICO §§ 1962©), 1962(d), |
| a corporation; AMERICAN | ) 1964(a), 1964(b), 1964 ©)/ |
| MORTGAGE NETWORK, INC., a | ) ***PINKERTON***  DOCTRINE/RICO |
| corporation; U.S. BANK NATIONAL | ) §1962(d) CONSPIRACY; RICO |
| ASSOCIATION, a national banking | ) AIDING and ABETTING; RICO |
| association; WACHOVIA | ) RESPONDEAT SUPERIOR; RICO |
| MORTGAGE LOAN TRUST | ) §1962(d) CONSPIRACY TO AID and |
| ASSET-BACKED CERTIFICATES, | ) ABET; RICO AIDING and ABETTING |
| SERIES 2006-AMN1, a trust; FIRST | ) RICO §1962(d) CONSPIRACY; and, |
| AMERICAN TITLE INSURANCE | ) RICO AIDING and ABETTING  RICO |
| COMPANY, a corporation; | ) RICO PRIMARY CONTRAVENTION. |
| RESIDENTIAL FUNDING | ) |
| COMPANY, LLC, a limited  liability | ) |
| corporation; DEUTSCHE BANK | ) |
| TRUST COMPANY AMERICAS, a | ) |
| corporation; RALI SERIES 2007-Q04 | ) |
| TRUST, a trust; MORTGAGEIT, | ) |
| INC., a corporation; MORTGAGEIT | ) |
| TRUST 2005-AR1, a trust; | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, a corporation; | ) |
| INDYMAC INDX MORTGAGE | ) |
| LOAN TRUST 2007-AR17, a trust; | ) |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1  and, NORTHWEST TRUSTEE                )
   SERVICES, INC., a corporation,         )
2                                          )
                        Defendants.        )
3  _____ )

4          Plaintiff Charles Greg Nygard, individually,   alleges and complains against

5  defendants  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

6  a corporation; AMERICAN  MORTGAGE NETWORK, INC., a  corporation; U.S.

7  BANK NATIONAL ASSOCIATION, a national banking association; WACHOVIA

8  MORTGAGE LOAN TRUST ASSET-BACKED CERTIFICATES, SERIES 2006-

9  AMN1, a  trust;  FIRST  AMERICAN  TITLE  INSURANCE  COMPANY,  a

10 corporation; RESIDENTIAL FUNDING COMPANY, LLC, a limited  liability

11 corporation; DEUTSCHE BANK TRUST COMPANY AMERICAS, a corporation;

12 RALI SERIES 2007-Q04 TRUST, a trust; MORTGAGEIT, INC., a corporation;

13 MORTGAGEIT TRUST 2005-AR1, a  trust; DEUTSCHE  BANK  NATIONAL

14 TRUST  COMPANY, a corporation;   INDYMAC  INDX  MORTGAGE  LOAN

15 TRUST 2007-AR17, a trust; and, NORTHWEST TRUSTEE SERVICES, INC., a

16 corporation ,  for both the commission of and for the contravention of the federal

17 Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

18 United States Code §§ 1961, et.seq.], and for federal supplementary jurisdiction relief

19 [Title 28 United States Code §§ 1367(b)].

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28
COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*I.*

*Competent Federal Subject Matter Jurisdictional and Federal Venue Allegations*

1.  Competent federal subject matter jurisdiction and federal venue exists, in whole and/or in part, pursuant to the following federal statutes:

A.  Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(a)].

B.  Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(b)].

C.  Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964©)].

D.  Section 1965(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(a)].

E.  Section 1965(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(b)].

F.  Section 1965(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(d)].

G.  Federal Question Jurisdiction [Title 28 United States Code §1331].

H.  Federal Regulation of Commerce Jurisdiction [Title 28 United States

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

3

1           Code §1337].

2

3      I.     Federal   Declaratory   Judgment Act of 1946 Jurisdiction [Title 28

4           United States Code §§ 2201-2202].

5

6      J.     Federal Supplemental Jurisdiction [Title  28 United States Code §§

7           1367(a)-(b)].

8

9      K.    Federal General Venue [Title  28 United States Code §§ 1391(b)].

10

11     L.    Federal Specific Venue [Title  28 United States Code §§ 1391(a)].

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ////

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

## II.

### *[RICO "Person" – Title 18 United States Code § 1961(3)]*

2.      Plaintiff alleges that each and every one of the individuals and entities are, constitute, and comprise a "person," as statutorily defined identified within Title 18 United States Code § 1961(3):

      \*      Charles Greg Nygard, individually

      \*      MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation

      \*      AMERICAN MORTGAGE NETWORK, INC., a corporation

      \*      U.S. BANK NATIONAL ASSOCIATION, a national banking association

      \*      WACHOVIA MORTGAGE LOAN TRUST ASSET-BACKED CERTIFICATES, SERIES 2006-AMN1, a trust

      \*      FIRST AMERICAN TITLE INSURANCE COMPANY, a corporation

      \*      RESIDENTIAL FUNDING COMPANY, LLC, a limited liability corporation

      \*      DEUTSCHE BANK TRUST COMPANY AMERICAS, a corporation

      \*      RALI SERIES 2007-Q04 TRUST, a trust

      \*      MORTGAGEIT, INC., a corporation

      \*      MORTGAGEIT TRUST 2005-AR1, a trust

      \*      DEUTSCHE BANK NATIONAL TRUST COMPANY, a corporation

      \*      INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR17, a trust,

      \*      NORTHWEST TRUSTEE SERVICES, INC., a corporation,

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1   and are each engaged in activities and conduct that affect federal interstate and/or

2   foreign commerce, that each hold legal, equitable, and/or beneficial interests in

3   property, and each is a "person."

4

5   3.   Plaintiff alleges that each and every RICO "person" specifically

6   identified herein and named as RICO defendant is liable as a principal pursuant to

7   Title 18 United States Code  §§ 2(a)-(b), and that each and every RICO person that

8   is a RICO defendant is liable as a RICO co-conspirator pursuant to  Title 18 United

9   States Code  § 371 and § 1962(d).

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*III.*

*RICO EVIDENTIARY FACTUAL ALLEGATIONS*

*[COMPREHENSIVE RICO ARTIFICE and SCHEME TO DEFRAUD and*

*INJURE  PLAINTIFFS IN THEIR INTERESTS IN BUSINESS OR*

*PROPERTY BY REASON OF CONTRAVENTION OF*

*RICO §§  1962©) and 1962(d)]*

*[Title 18 United States Code §§ 1964(a), 1964(b), and 1964©)]*

*A.*

*RACKETEERING ARTIFICE and SCHEME TO DEFRAUD*

*Federal Mail Fraud and Federal Wire Fraud*

4.      Plaintiff alleges that the following RICO persons engaged in an artifice and scheme to defraud by and through the commission of felonious and criminal activities intended and designed to proximately cause injury to plaintiff's interests in business and/or property by reason of contravention of RICO §§ 1962(c) and (d).

5.      Plaintiff alleges that during all times material herein, plaintiff owned the following parcels of real property specifically identified herein below:

&ast;      10827 - 56th Place West, Mukilteo, WA 98275

&ast;      83 West Monticello Drive, Camano Island, WA 98282

&ast;      5520 Pilchuck Tree Farm Road, Snohomish, WA 98290

&ast;      6615 Commercial Avenue, Everett, WA 98203

&ast;      13401 29th Drive SE, Bothell, WA 98012

&ast;      690 NW Atalanta Way, Oak Harbor, WA 98277

&ast;      10225 7th Avenue SE, Everett, WA 98208

&ast;      10217 7th Avenue SE, Everett, WA 98208

&ast;      1822 Leland Drive, Everett, WA 98203

&ast;      13305 29th Drive SE, Bothell, WA 98012

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

**PLAINTIFF'S BUSINESS AND/OR PROPERTY INTERESTS INJURED BY REASON OF CONTRAVENTION OF RICO § 1962©-§ 1962(d) [Title 18 United States Code § 1964(c]**

1.    **10827 56th Place West,  Mukilteo, Washington 98275**

6.    Plaintiff alleges that on 21 April 2006, plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $213,500.00. This document was recorded as document number 4168879 in the Official Records of Snohomish County, Washington.  Plaintiff alleges that the original lender of the promissory note is American Mortgage Network Inc. ["Am Mort Net"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is U.S. Bank National Association ["U.S. Bank"].

7.    Plaintiff alleges that the loan obtained from American Mortgage Network Inc.; however, no assignment of the instruments is recorded. Plaintiff alleges that during all times material herein that  GMAC Mortgage, LLC., ['GMAC"] owned, managed, controlled, administered, and participated in the conduct and the affairs of Am Mort Net, the loan obtained prior to GMAC acquiring AM Mort Net.

8.    Plaintiff alleges  that GMAC Mortgage, LLC, subsequently petitioned for relief on 14 May 2012, pursuant to Chapter 11 of the federal bankruptcy code, Title 11 United States Code §§ 362, et.seq., ***In re: GMAC-RFC Holding Co., LLC,*** Case No.: 12-12029,  U.S.B.C. S.D.N.Y., consisting, comprised, and constituted by multiple affiliated corporate entities engaged in mortgage financing activities. Plaintiff alleges that  on 22 May 2012, the bankruptcy court entered an order **requiring** joint administration of the bankruptcy cases of both  ***GMAC-RFC*** and  ***In re: Residential Capital, LLC, et.al.,*** Case No.: 12-12020 (MG) , U.S.B.C. S.D.N.Y.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

9.     Plaintiff alleges that on 24 September 2003, a substitution of trustee was recorded as document number 2003-09240552 in the Recorder's Office, Snohomish County, Washington. This document, like the Deed of Trust, states that MERS was the beneficiary under the promissory note.  This document does not properly identify the amount of the mortgage loan that the plaintiff obtained on 21 April 2006.  The document reveals that the Notary Public and a Mrs. Roberta Pettengill, apparently executed this document on 20 August 2003. Mrs. Pettengill does not have a signature date next to ger signature and the signature date under J. Simon's is incorrect and is not in the time line of the apparent notarization of the Substitution of Trustee, which states 2003-07-09.

10.     Plaintiff alleges that the promissory note was sold, transferred, and securitized by Wachovia Mortgage Trust Asset-Backed Certificates, Series 2006-AMN1, with a closing date of on or about 29 June 2006.

11.     Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed  of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan of $213,500.00 combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $705,446,000.

12.     Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN1001310-2060275234-5 and  MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically identifies Bank of America is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

13.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff in the real property in the following manner:

\*   Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

\*   MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

\*   MERS is not the owner of the promissory note for which MERS seeks foreclosure.

\*   MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which MERS serves as the allegedly designated "nominee."

\*   MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying  the security instrument for which MERS serves as the allegedly designated "nominee."

\*   MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying promissory note evidencing the underlying mortgage indebtedness.

\*   MERS is at no time is a party to the alleged underlying mortgage indebtedness underlying the underlying security instrument which MERS serves as the allegedly designated "nominee."

\*   MERS has no financial, proprietary, and/or  or economic, interest in whether a mortgage loan obligation is repaid by the mortgagor/borrower.

14.   Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by and through the conduct of MERS, US. Bank, and First American Title Insurance Company, commencing and continuing from 2011, and up through and including the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1  date of the initiation of these proceedings, constitutes both extortion and attempted

2  extortion.  Plaintiff alleges that  inasmuch as the conduct and action of defendants,

3  committed by and through the use of instrumentalities of federal commerce,  is

4  intended to cause and create fear in the mind of the plaintiff in order to obtain and

5  receive plaintiff's property interests, through allegedly unlawful and illegal

6  foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and

7  applicable Washington state law governing extortion and theft.

8      15.    Plaintiffs allege that defendants' use of the federal mails and the federal

9  interstate wires (including use of Internet) in connection  with the generation,

10  transmission, dissemination, recording, filing, and publication of instruments

11  containing material misrepresentations of fact and/or materially omitting to disclose

12  facts  described herein above constitutes actionable federal mail fraud and federal

13  wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

14      16.    Plaintiff alleges that defendants aided and abetted one another, and

15  others not named herein, in connection with committing the primary substantive

16  contraventions of federal law identified herein abo ve and are therefore jointly and

17  severally liable as principals pursuant to Title 18 U.S.C. § 2.

18      17.    Plaintiff alleges that defendants conspired with one another to injury

19  plaintiff in plaintiff's interests in business and/or property by reason of contravention

20  of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to

21  RICO § 1962(d) and the application of both  ***Pinkerton v. United States***, 328 U.S.

22  640 (1946) [***Pinkerton*** Doctrine] and mediate causation in connection with the

23  commission of conspiratorial activities contravening RICO § 1962.

24

25      2.    **83 West Monticello Drive, Camano Island, WA 98282**

26      18.    Plaintiff alleges that on 21 April 2006, plaintiff executed a negotiable

27  promissory note and a security interest in the form of a Deed of Trust in the amount

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1  of $213,500.00. This document was recorded as document number 4168879 in the

2  Official Records of Island County, Washington.  Plaintiff alleges that the original

3  lender of the Promissory Note is American Mortgage Network Inc. ["Am Mort Net"].

4  Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee

5  of the promissory note but is named as acting solely as  a "nominee" for the lender

6  as the beneficiary of the security interest Deed of Trust.  The original trustee under

7  this Deed of Trust is U.S. Bank National Association ["U.S. Bank"].

8      19.   Plaintiff alleges that the loan obtained from American Mortgage

9  Network Inc.; however, no assignment of the instruments is recorded. Plaintiff alleges

10  that during all times material herein that  GMAC Mortgage, LLC., owned, managed,

11  controlled, administered, and participated in the conduct and the affairs of Am Mort

12  Net, the loan obtained prior to GMAC acquiring AM Mort Net.

13      20.   Plaintiff alleges that the promissory note was sold, transferred, and

14  securitized by Wachovia Mortgage Trust Asset-Backed Certificates, Series 2006-

15  AMN1, with a closing date of on or about 29 June 2006.

16      21.   Plaintiff alleges that the Deed of Trust and the Promissory Note have

17  taken two distinctly different paths.  The Deed  of Trust was never transferred.  The

18  Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan

19  of $213,500.00 combined and aggregated with other loans a d mortgages and this

20  pool of loans and mortgages is estimated to be valued at approximately $705,446,000.

21      22.   Plaintiff alleges that the Deed of Trust and the Promissory Note have

22  taken two distinctly different paths.  The Deed  of Trust was never transferred.  The

23  Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan

24  of $213,500.00 combined and aggregated with other loans an d mortgages and this

25  pool of loans and mortgages is estimated to be valued at approximately $705,446,000.

26      23.   Plaintiff alleges theat the Deed of Trust reveals the following material

27  information:  MIN1001310-2060275234-5 and  MERS  SERVICER  ID  website

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

http://www.mers-servicerid.org/sis/search specifically identifies Bank of America is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

24.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff in the real property in the following manner:

*     Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

*     MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

*     MERS is not the owner of the promissory note for which MERS seeks foreclosure.

*     MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which MERS serves as the allegedly designated "nominee."

*     MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying the security instrument for which MERS serves as the allegedly designated "nominee."

*     MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying promissory note evidencing the underlying mortgage indebtedness.

*     MERS is at no time is a party to the alleged underlying mortgage

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1  indebtedness underlying the underlying security instrument which

2  MERS serves as the allegedly designated "nominee."

3  *   MERS has no financial, proprietary, and/or  or economic, interest in

4  whether a mortgage loan obligation is repaid by the mortgagor/borrower.

5  25.   Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by

6  and through the conduct of MERS, US. Bank, and First American Title Insurance

7  Company, commencing and continuing from 2011, and up through and including the

8  date of the initiation of these proceedings, constitutes both extortion and attempted

9  extortion.  Plaintiff alleges that  inasmuch as the conduct and action of defendants,

10  committed by and through the use of instrumentalities of federal commerce,  is

11  intended to cause and create fear in the mind of the plaintiff in order to obtain and

12  receive plaintiff's property interests, through allegedly unlawful and illegal

13  foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and

14  applicable Washington state law governing extortion and theft.

15  26.   Plaintiffs allege that defendants' use of the federal mails and the federal

16  interstate wires (including use of Internet) in connection  with the generation,

17  transmission, dissemination, recording, filing, and publication of instruments

18  containing material misrepresentations of fact and/or materially omitting to disclose

19  facts  described herein above constitutes actionable federal mail fraud and federal

20  wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

21  27.   Plaintiff alleges that defendants aided and abetted one another, and

22  others not named herein, in connection with committing the primary substantive

23  contraventions of federal law identified herein abo ve and are therefore jointly and

24  severally liable as principals pursuant to Title 18 U.S.C. § 2.

25  28.   Plaintiff alleges that defendants conspired with one another to injury

26  plaintiff in plaintiff's interests in business and/or property by reason of contravention

27  of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

RICO § 1962(d) and the application of both **Pinkerton v. United States**, 328 U.S. 640 (1946) [**Pinkerton** Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

### 3.    **5520 Pilchuck Tree Farm Road, Snohomish, Washington 98290**

29.    Plaintiff alleges that on 24 January 2007, plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $571,650.00.  This document was recorded as document number 2007-01250670 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is American Mortgage Network Inc. ["Am Mort Net"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company Americas ["Deutsche Bank"].

30.    Plaintiff alleges that the loan obtained from American Mortgage Network Inc.; however, no assignment of the instruments is recorded. Plaintiff alleges that during all times material herein that  GMAC Mortgage, LLC., owned, managed, controlled, administered, and participated in the conduct and the affairs of Am Mort Net, the loan obtained prior to GMAC acquiring AM Mort Net.

31.    Plaintiff alleges that an Assignment of the Deed of Trust was recorded as document number 2011-01100023 in the Official Records, Snohomish County, Washington, on 10 January 2011. Plaintiff alleges that the document purports to be executed by MERS.

32.    Plaintiff alleges that on 17 December 2010, an Appointment of Successor Trustee was recorded as document number 2010-12170019 in the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/**Pinkerton** Doctrine

Recorder's Office, Snohomish County, Washington.   Plaintiff alleges that this document, like the Deed of Trust, states that MERS was the beneficiary under the Deed of Trust; it does not state that MERS was the beneficiary under the promissory note.  Plaintiff alleges that this document does not properly identify the amount of the mortgage loan that the plaintiff obtained on 24 January 2007.

33.   Plaintiff alleges that on 21 March 2011, a Notice of Trustee Sale was recorded  as document number 2011-03210601 in the Official Records, Snohomish County, Washington.

34.   Plaintiff alleges that the Promissory Note was sold,  transferred, and securitized by RALI Series 2007-QO4 Trust with a closing date of 30 May 2007.

35.   Plaintiff alleges that the signature of Jan Walsh, appearing upon the recorded Corporate Assignment of Deed of Trust, 3 December 2010, is in fact an individual specifically identified and independently confirmed to be one of numerous individuals listed as suspected robo signers engaged in the commission of fraudulent activities working in "Document Mills," generating and creating false documents for financial institutions foreclosing upon family residential properties to prove they have proper chain of title when in fact they do not, and cannot, produce a clear and proper chain of title.   See http://www.foreclosyredefenseblog.com/foreclosure-defense/2011/09 containing a copy of a "Robo List of Signatures known to be used, including the identity of Jan Walsh collaborating and acting in concert with Irene Guerrero.

36   Plaintiff alleges that the Notice of Trustee Sale instrument was generated by Cal-Western Reconveyance Corporation, executed by Debra Shwartz, A.V.P., at Vancouver, WA on 14 March 2011, bearing and evidencing a notary public  signature by Rosalyn Hall, dated 15 March 2011, located in San Diego, California. Plaintiff alleges that the instrument itself is deficient and void as a matter of law inasmuch as physical impossibility precludes and forecloses the execution of the instrument by

these two individuals located in different localities executed on different dates, thereby rendering the instrument a legal nullity void of independent legal significance.

37.     Plaintiff alleges that the Deed of Trust generated and recorded on 21 July 2011, in Snohomish County, as instrument number 2011-07120233, was prepared by Cal-Western Reconveyance Corporation of Washington, signed by Susan Smothers, 5 July 2011, and evidencing a notary public signature of Rosalyn Hall, executed 6 July 2011, in San Diego, California. Plaintiff  alleges that the instrument itself is deficient and void as a matter of law inasmuch as physical impossibility precludes and forecloses the execution of the instrument by these two individuals located in different localities executed on different dates, thereby rendering the instrument a legal nullity void of independent legal significance.

38.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff  in the real property in the following manner:

> *     Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

> *     MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

> *     MERS is not the owner of the promissory note for which MERS seeks foreclosure.

> *     MERS has no legal or beneficial interest in the loan instrument

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

underlying the security instrument for which MERS serves as the allegedly designated "nominee."

* MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying  the security instrument for which MERS serves as the allegedly designated "nominee."

* MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying promissory note evidencing the underlying mortgage indebtedness.

* MERS is at no time is a party to the alleged underlying mortgage indebtedness underlying the underlying security instrument which MERS serves as the allegedly designated "nominee."

* MERS has no financial, proprietary, and/or  or economic, interest in whether a mortgage loan obligation is repaid by the mortgagor/borrower.

39.    Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by and through the conduct of MERS, Deutsche Bank , and First American Title Insurance Company, commencing and continuing from 2011, and up through and including the date of the initiation of these proceedings, constitutes both extortion and attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and action of defendants, committed by and through the use of instrumentalities of federal commerce,  is intended to cause and create fear in the mind of the plaintiff in order to obtain and receive plaintiff's property interests, through allegedly unlawful and illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and applicable Washington state law governing extortion and theft.

40.    Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose

facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

41.    Plaintiff alleges that defendants aided and abetted one another, and others not named herein, in connection with committing the primary substantive contraventions of federal law identified herein abo ve and are therefore jointly and severally liable as principals pursuant to Title 18 U.S.C. § 2.

42.    Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both **Pinkerton v. United States**, 328 U.S. 640 (1946) [**Pinkerton** Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

### 4.    **6615 Commercial Avenue, Everett, Washington 98203**

43.    Plaintiff alleges that on 3 August 2005,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $134,250.00.  This document was recorded as document number 2010-006290491 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is MortgageIt, Inc., ["Mortgage It"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

44.    Plaintiff alleges that an Assignment of Deed of Trust was recorded as document number 2010-06280502 in the Official Records, Snohomish County, Washington, on 29 June 2010.  Plaintiff alleges that the document purports to be executed by MERS.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/**Pinkerton** Doctrine

45.     Plaintiff alleges that on 6 June 2010, a Notice of Trustee's Sale was recorded as document 2010-08030346.

46.     Plaintiff alleges that the Promissory Note was sold, transferred, and securitized  by Mortgage IT Trust 2005-AR1 with a closing date of 1 November 2005.

47.     Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed  of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $377,877,100.

48.     Plaintiff alleges that Mortgage It generated a Bargain and Sale Deed, dated 5 August 2011, by Hattie McLaughlin, evidencing a  notary public signature of Colleen  Borifaz, allegedly executed same day, recorded 10 August 2011, in the Official  records,  Snohomish  County,  Washington,  instrument  number  2011-08100227. Plaintiff alleges that the generation and execution of this instrument is void of independent legal significance inasmuch as MERS' lacked any right under Washington law to serve as the allegedly designated "nominee" under the Deed of Trust.

49.     Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN100112065698295777  and  MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically identifies GMAC Mortgage, LLC is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

50.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff in the real property in the following manner:

* Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

* MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

* MERS is not the owner of the promissory note for which MERS seeks foreclosure.

* MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which MERS serves as the allegedly designated "nominee."

* MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying the security instrument for which MERS serves as the allegedly designated "nominee."

* MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying promissory note evidencing the underlying mortgage indebtedness.

* MERS is at no time is a party to the alleged underlying mortgage indebtedness underlying the underlying security instrument which MERS serves as the allegedly designated "nominee."

* MERS has no financial, proprietary, and/or or economic, interest in whether a mortgage loan obligation is repaid by the mortgagor/borrower.

51. Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by and through the conduct of MERS, Deutsche Bank , and First American Title Insurance Company, commencing and continuing from 2011, and up through and

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

including the date of the initiation of these proceedings, constitutes both extortion and attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and action of defendants,  committed  by  and  through  the  use  of  instrumentalities  of  federal commerce,  is intended to cause and create fear in the mind of the plaintiff in order to obtain and receive plaintiff's property interests, through allegedly unlawful and illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and applicable Washington state law governing extortion and theft.

52.    Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

53.    Plaintiff alleges that defendants aided and abetted one another, and others not named herein, in connection with committing the primary substantive contraventions of federal law identified herein abo ve and are therefore jointly and severally liable as principals pursuant to Title 18 U.S.C. § 2.Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both  *Pinkerton v. United States*, 328 U.S. 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

### 5.    **13401 29th Drive SE, Bothell, Washington 98012**

54.    Plaintiff alleges that on 3 August 2005,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount

of $230,000.00.  This document was recorded as document number 2005-08191207 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is MortgageIt, Inc., ["Mortgage It"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

55.     Plaintiff alleges that the Promissory Note was sold, transferred, and securitized  by Mortgage IT Trust 2005-AR1 with a closing date of 1 November 2005.

56.     Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed  of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $377,877,100.

57.     Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN100112065698585615  and  MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically identifies GMAC Mortgage, LLC is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

58.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff  in the real property in the following manner:

*        Although MERS records an assignment in the real property records, the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

23

1    promissory note which creates the legal obligation to repay the debt is
2    not negotiated to MERS.

3    *    MERS is not entitled to receive a borrower's monthly mortgage
4         payment, nor is MERS entitled to receive the proceeds of arising from
5         a foreclosure or a deed of trust sale.

6    *    MERS is not the owner of the promissory note for which MERS seeks
7         foreclosure.

8    *    MERS has no legal or beneficial interest in the loan instrument
9         underlying the security instrument for which MERS serves as the
10        allegedly designated "nominee."

11   *    MERS has no legal or beneficial interest in the underlying mortgage
12        indebtedness underlying  the security instrument for which MERS
13        serves as the allegedly designated "nominee."

14   *    MERS has no interest in any aspect, legal, equitable, or beneficial, in the
15        underlying promissory note evidencing the underlying mortgage
16        indebtedness.

17   *    MERS is at no time is a party to the alleged underlying mortgage
18        indebtedness underlying the underlying security instrument which
19        MERS serves as the allegedly designated "nominee."

20   *    MERS has no financial, proprietary, and/or  or economic, interest in
21        whether a mortgage loan obligation is repaid by the mortgagor/borrower.

22        59.    Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by
23   and through the conduct of MERS, Deutsche Bank , and First American Title
24   Insurance Company, commencing and continuing from 2011, and up through and
25   including the date of the initiation of these proceedings, constitutes both extortion and
26   attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and action of
27   defendants, committed by and through the use of instrumentalities of federal

28

commerce,  is intended to cause and create fear in the mind of the plaintiff in order to obtain and receive plaintiff's property interests, through allegedly unlawful and illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and applicable Washington state law governing extortion and theft.

60.   Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

61.   Plaintiff alleges that defendants aided and abetted one another, and others not named herein, in connection with committing the primary substantive contraventions of federal law identified herein abo ve and are therefore jointly and severally liable as principals pursuant to Title 18 U.S.C. § 2.

62.   Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both *Pinkerton v. United States*, 328 U.S. 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

6.   **690 Northwest Atalanta Way, Unit B-6, Oak Harbor, Washington 98277**

63.   Plaintiff alleges that on 3 August 2007,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $220,500.00.  This document was recorded as document number 2007-08081009 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the

original lender of the Promissory Note is IndyMac Bank F.S.B., a federally chartered bank ["Indy Mac"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

64.     Plaintiff alleges that an Assignment of Deed of Trust was recorded as document number 4286016 in the Official Records, Snohomish County, Washington, on 2 December 2010. Plaintiff alleges that this particular document evidences the signature of an individual employed by One West Bank, FSB, named Brian Burnett. Plaintiff alleges that Burnett holds and maintains multiple capacities numbering at least 27 different and distinct titles for various corporate entities, as disclosed at http://stopforeclosurefraud.com/2011/04/25/mers-vp-27-job-titles-for-brian-burnett-of-indymac/. Plaintiff alleges that this website reveals documents evidencing alleged robo signing activity upon this document.  Plaintiff alleges that the Notary Public appearing upon the document, Stacy F. Jones,  is located in Travis County, Texas, that Burnett was not in fact a resident of Texas at the date of the execution of the document, thereby supporting the allegation of contrivance, fabrication, and false documentation generated fro purposes of facilitating and furthering wrongful and illegal foreclosures.

65.     Plaintiff alleges that an Appointment of Successor Trustee was recorded as either  document number 7523.2184or document number 4286017 in the Official Records, Snohomish County, Washington on 2 December 2010.

66.     Plaintiff alleges that a Notice of Trustee Sale was recorded as document number 7523.2184 or 4286900 in the Official Records, Snohomish County, Washington on 15 December 2010. Plaintiff alleges that Northwest Trustee Services, Inc., ["NWTS"], and Yvonne McElligott, co-principal of NWTS, illegally and

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

unlawfully generated, recorded, and served the Notice of Trustee's Sale, allegedly effective as of 10 December 2010, evidencing an alleged signature of a notary public by the name of Rhea S. Pre, allegedly dated 14 December 2010. The Notice of Trustee's Sale was allegedly recorded as instrument number 7523.2184 or 4286900, in the official records of Island County, Washington., darted 15 December 2010. Plaintiff alleges that the generation and execution of this instrument is void of independent legal significance inasmuch as MERS' lacked any right under Washington law to serve as the allegedly designated "nominee" under the Deed of Trust.

67.     Plaintiff alleges that NWTS is owned, controlled, operated, managed, administered and/or directed wholly and solely by both RCO Legal, P.S., and Routh Crabtree & Olsen, P.S., a mortgage banking firm  and the law firm, respectively, actively engaged in foreclosure activities across the state of Washington and across the United States of America, maintaining offices primarily in Washington, Oregon, California, Idaho, Arizona, and Alaska.  RCO, Routh Crabtree & Olsen, and NWTS, acting in concert with, inter alia, MERS, Fidelity National, Bank of America, N.A., JP Morgan Chase Bank, Wells Fargo Bank, Deutsche Bank, and other financial institutions actively prosecuting foreclosures of residential homes by and through employment of illegal and unlawful means for the purpose of injuring homeowners challenging the alleged legitimacy of mortgages, especially and particularly sub-prime mortgages.

68.     Plaintiff alleges that RCO Legal P.S., and Routh Crabtree & Olsen P.S., operate and manage business  from corporate headquarters situated at 13555 SE 36th Street, Suite 300, Bellevue, WA 98006, phone: [425] 458-2121, email address: info@rcolegal.com , website: www.rcolegal.com.  Plaintiff alleges that NWTS operates and manages business from  corporate headquarters situated at 6 Centerpointe Drive, Suite360, Lake Oswego, OR 97035, phone: [425] 586-1900,

email address: info@northwest.com, website: www.northwesttrustee.com.  Plaintiff alleges that the concerted, combined, and collective activities of NWTS, RCO, and Routh Crabtree & Olsen affect federal interstate and/or foreign commerce.  Plaintiff alleges that NWTS, RCO, and Routh Crabtree & Olsen are alter egos of one another, and with no independent legal significance or financial or economic differentiation between the three entities.

69.   Plaintiff alleges that NWTS, RCO Legal, P.S., and Routh Crabtree & Olsen, P.S., are, by way of example, and not by restriction  or limitation,  each individually an "enterprise" as defined pursuant to Title 18 U.S.C. § 1961(4), and as specifically described in detail herein after.

70.   Plaintiff alleges that NWTS and RCO act in concert with each other as alter egos in connection with pursuing illegal and unlawful foreclosure actions throughout the state of Washington as recently illustrated by the published Washington Supreme Court en banc decision entered 30 October 2014, in *Lyons v. Northwest Trustees Services, Inc.*, Case No. 98132-0, vacating CR 56 summary judgment in favour of NWTS and finding triable issues of material fact supporting Lyon's Washington Consumer Protection Act claim arising in the context of illegal and unlawful foreclosure proceeding conduct and activities engaged in by NWTS violating the Washington Deed of Trust Act served to premise Lyon's CPA claim.

71.   Plaintiff alleges that the Promissory Note was sold, transferred, and securitized by IndyMac INDX Mortgage Loan Trust 2007-AR17 with a closing date of 27 June 2007.

72.   Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed  of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $357,083,100.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

73.     Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN100055401273584880  and  MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically  identifies  One  West  Bank, F.S.B., is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

74.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates  in  connection  with  the  collaborative  actions  of  the  lender  and  the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff  in the real property in the following manner:

*     Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

*     MERS  is  not  entitled  to  receive  a  borrower's  monthly  mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

*     MERS is not the owner of the promissory note for which MERS seeks foreclosure.

*     MERS  has  no  legal  or  beneficial  interest  in  the  loan  instrument underlying  the  security  instrument  for  which  MERS  serves  as  the allegedly designated "nominee."

*     MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying  the security instrument for which MERS serves as the allegedly designated "nominee."

*     MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying  promissory  note  evidencing  the  underlying  mortgage

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1        indebtedness.

2    *    MERS is at no time is a party to the alleged underlying mortgage
3         indebtedness underlying the underlying security instrument which
4         MERS serves as the allegedly designated "nominee."

5    *    MERS has no financial, proprietary, and/or  or economic, interest in
6         whether a mortgage loan obligation is repaid by the mortgagor/borrower.

7    75.   Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by
8  and through the conduct of MERS, Deutsche Bank, One West bank, F.S.B.,
9  Northwest Trustee Services, Inc., and Vonnie McElligott, and Stewart Title,
10 commencing and continuing from late November,  2010, and up through and
11 including the date of the initiation of these proceedings, constitutes both extortion and
12 attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and action of
13 defendants, committed by and through the use of instrumentalities of federal
14 commerce,  is intended to cause and create fear in the mind of the plaintiff in order
15 to obtain and receive plaintiff's property interests, through allegedly unlawful and
16 illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and
17 applicable Washington state law governing extortion and theft.

18   76.   Plaintiffs allege that defendants' use of the federal mails and the federal
19 interstate wires (including use of Internet) in connection  with the generation,
20 transmission, dissemination, recording, filing, and publication of instruments
21 containing material misrepresentations of fact and/or  materially omitting to disclose
22 facts  described herein above constitutes actionable federal mail fraud and federal
23 wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

24   77.   Plaintiff alleges that defendants aided and abetted one another, and
25 others not named herein, in connection with committing the primary substantive
26 contraventions of federal law identified herein abo ve and are therefore jointly and
27 severally liable as principals pursuant to Title 18 U.S.C. § 2.

28

30  COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
    OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

78.    Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both *Pinkerton v. United States*, 328 U.S. 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

### 7.    **10225 7th Avenue SE, Everett, Washington 98208**

79.    Plaintiff alleges that on 3 August 2007,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $220,500.00.  This document was recorded as document number 2007-08081009 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is IndyMac Bank F.S.B., a federally chartered bank ["Indy Mac"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

80.    Plaintiff alleges that an Assignment of Deed of Trust was recorded as document number 2010-003040320 in the Official Records, Snohomish County, Washington on 4 March 2010.  Plaintiff alleges that the signatures of two employees, Brian Bly and Chrystal Moore, were formerly employed for a "Document Mill," Nationwide  Title  Clearing,  as  more  described  at http://www.lsnj.org/NewsAnnouncements/Foreclosure/materials/EXHIBITGCitiR esidentialDepositionBly.pdf.

81.    Plaintiff alleges that the Promissory Note was sold, transferred, and securitized by IndyMac INDX Mortgage Loan Trust 2007-AR17 with a closing date

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    of 27 June 2007.

2        82.   Plaintiff alleges that the Deed of Trust and the Promissory Note have

3    taken two distinctly different paths.  The Deed of Trust was never transferred.  The

4    Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan

5    was combined and aggregated with other loans an d mortgages and this pool of loans

6    and mortgages is estimated to be valued at approximately $357,083,100.

7        83.   Plaintiff alleges theat the Deed of Trust reveals the following material

8    information:  MIN10005540127601957  and  MERS  SERVICER  ID  website

9    http://www.mers-servicerid.org/sis/search  specifically  identifies  One  West  Bank,

10   F.S.B., is the servicer and no entity or individual, and/or any combination thereof, is

11   identified or disclosed as an alleged "Investor."

12       84.   Plaintiff alleges that MERS, acting in concert with MERSCORP, the

13   parent corporate affiliate and holding company of MERS, is actively involved and

14   participates  in  connection  with  the  collaborative  actions  of  the  lender  and  the

15   facilitation and furtherance contributing to the mortgage backed securitization of the

16   Promissory Note, thereby substantially diminishing, damaging, and injuring the

17   property rights of the plaintiff  in the real property in the following manner:

18          *    Although MERS records an assignment in the real property records, the

19              promissory note which creates the legal obligation to repay the debt is

20              not negotiated to MERS.

21          *    MERS  is  not  entitled  to  receive  a  borrower's  monthly  mortgage

22              payment, nor is MERS entitled to receive the proceeds of arising from

23              a foreclosure or a deed of trust sale.

24          *    MERS is not the owner of the promissory note for which MERS seeks

25              foreclosure.

26          *    MERS  has  no  legal  or  beneficial  interest  in  the  loan  instrument

27              underlying  the  security  instrument  for  which  MERS  serves  as  the

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1 allegedly designated "nominee."

2 * MERS has no legal or beneficial interest in the underlying mortgage

3 indebtedness underlying  the security instrument for which MERS

4 serves as the allegedly designated "nominee."

5 * MERS has no interest in any aspect, legal, equitable, or beneficial, in the

6 underlying promissory note evidencing the underlying mortgage

7 indebtedness.

8 * MERS is at no time is a party to the alleged underlying mortgage

9 indebtedness underlying the underlying security instrument which

10 MERS serves as the allegedly designated "nominee."

11 * MERS has no financial, proprietary, and/or  or economic, interest in

12 whether a mortgage loan obligation is repaid by the mortgagor/borrower.

13 85. Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by

14 and through the conduct of MERS, Deutsche Bank, One West Bank, F.S.B., and

15 Stewart Title, commencing and continuing from late November,  2010, and up

16 through and including the date of the initiation of these proceedings, constitutes both

17 extortion and attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and

18 action of defendants, committed by and through the use of instrumentalities of federal

19 commerce,  is intended to cause and create fear in the mind of the plaintiff in order

20 to obtain and receive plaintiff's property interests, through allegedly unlawful and

21 illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and

22 applicable Washington state law governing extortion and theft.

23 86. Plaintiffs allege that defendants' use of the federal mails and the federal

24 interstate wires (including use of Internet) in connection  with the generation,

25 transmission, dissemination, recording, filing, and publication of instruments

26 containing material misrepresentations of fact and/or materially omitting to disclose

27 facts  described herein above constitutes actionable federal mail fraud and federal

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

2        87.    Plaintiff alleges that defendants aided and abetted one another, and

3    others not named herein, in connection with committing the primary substantive

4    contraventions of federal law identified herein abo ve and are therefore jointly and

5    severally liable as principals pursuant to Title 18 U.S.C. § 2.

6        88.    Plaintiff alleges that defendants conspired with one another to injury

7    plaintiff in plaintiff's interests in business and/or property by reason of contravention

8    of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to

9    RICO § 1962(d) and the application of both *Pinkerton v. United States*, 328 U.S.

10   640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the

11   commission of conspiratorial activities contravening RICO § 1962.

12

13       8.    **10217 7th Avenue, Everett, Washington 98208**

14       89.    Plaintiff alleges that on 3 August 2007,  plaintiff executed a negotiable

15   promissory note and a security interest in the form of a Deed of Trust in the amount

16   of $241,500.00.  This document was recorded as document number 2007-08081005

17   in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the

18   original lender of the Promissory Note is IndyMac Bank F.S.B., a federally chartered

19   bank ["Indy Mac"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not

20   named as the payee of the promissory note but is named as acting solely as a

21   "nominee" for the lender as the beneficiary of the security interest Deed of Trust. The

22   original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche

23   Bank"].

24       90.    Plaintiff alleges that an Assignment of Deed of Trust was recorded as

25   document number 2010-003040321 in the Official Records, Snohomish County,

26   Washington on 4 March 2010.  Plaintiff alleges that the signatures of two employees,

27   Brian Bly and Chrystal Moore, were formerly employed for a "Document Mill,"

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

Nationwide Title Clearing, as more described at http://www.lsnj.org/NewsAnnouncements/Foreclosure/materials/EXHIBITGCitiResidentialDepositionBly.pdf.

91.     Plaintiff alleges that the Promissory Note was sold, transferred, and securitized by IndyMac INDX Mortgage Loan Trust 2007-AR17 with a closing date of 27 June 2007.

92.     Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed  of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $357,083,100.

93.     Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN100055401273606576 and MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically identifies One West Bank, F.S.B., is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

94.     Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff  in the real property in the following manner:

> *     Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

> *     MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from

1    a foreclosure or a deed of trust sale.

2    *    MERS is not the owner of the promissory note for which MERS seeks

3         foreclosure.

4    *    MERS has no legal or beneficial interest in the loan instrument

5         underlying the security instrument for which MERS serves as the

6         allegedly designated "nominee."

7    *    MERS has no legal or beneficial interest in the underlying mortgage

8         indebtedness underlying  the security instrument for which MERS

9         serves as the allegedly designated "nominee."

10   *    MERS has no interest in any aspect, legal, equitable, or beneficial, in the

11        underlying promissory note evidencing the underlying mortgage

12        indebtedness.

13   *    MERS is at no time is a party to the alleged underlying mortgage

14        indebtedness underlying the underlying security instrument which

15        MERS serves as the allegedly designated "nominee."

16   *    MERS has no financial, proprietary, and/or  or economic, interest in

17        whether a mortgage loan obligation is repaid by the mortgagor/borrower.

18   95.   Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by

19   and through the conduct of MERS, Deutsche Bank, One West Bank, F.S.B., and

20   Stewart Title, commencing and continuing from late November,  2010, and up

21   through and including the date of the initiation of these proceedings, constitutes both

22   extortion and attempted extortion.  Plaintiff alleges that inasmuch as the conduct and

23   action of defendants, committed by and through the use of instrumentalities of federal

24   commerce,  is intended to cause and create fear in the mind of the plaintiff in order

25   to obtain and receive plaintiff's property interests, through allegedly unlawful and

26   illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and

27   applicable Washington state law governing extortion and theft.

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

96.     Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

97.     Plaintiff alleges that defendants aided and abetted one another, and others not named herein, in connection with committing the primary substantive contraventions of federal law identified herein abo ve and are therefore jointly and severally liable as principals pursuant to Title 18 U.S.C. § 2.

98.     Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both  *Pinkerton v. United States*, 328 U.S. 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.

### 9.     **1822 Leland Drive, Everett, Washington 98203**

99.     Plaintiff alleges that on 3 August 2005,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $ 173,500.00.  This document was recorded as document number 2010-006290491 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is MortgageIt, Inc., ["Mortgage It"]. Mortgage Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

1
2
3
4

100. Plaintiff alleges that an Assignment of Deed of Trust was recorded as document number 2010-006290491 in the Official Records, Snohomish County, Washington, on 29 June 2010. Plaintiff alleges that this document purports to be executed by MERS.

5
6
7

101. Plaintiff alleges that on 5 August 2010, a Notice of Trustee's Sale was recorded as document number 2010-2160305 in the Official Records, Snohomish County, Washington.

8
9
10

102. Plaintiff alleges that the Promissory Note was sold, transferred, and securitized by Mortgage IT Trust 2005-AR1 with a closing date of 1 November 2005.

11
12
13
14
15

103. Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths. The Deed of Trust was never transferred. The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $377,877,100.

16
17
18
19
20

104. Plaintiff alleges theat the Deed of Trust reveals the following material information: MIN100112065698585698 and MERS SERVICER ID website http://www.mers-servicerid.org/sis/search specifically identifies GMAC Mortgage, LLC is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

21
22
23
24
25
26

105. Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff in the real property in the following manner:

27
28

* Although MERS records an assignment in the real property records, the

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    promissory note which creates the legal obligation to repay the debt is

2    not negotiated to MERS.

3    *    MERS is not entitled to receive a borrower's monthly mortgage

4         payment, nor is MERS entitled to receive the proceeds of arising from

5         a foreclosure or a deed of trust sale.

6    *    MERS is not the owner of the promissory note for which MERS seeks

7         foreclosure.

8    *    MERS has no legal or beneficial interest in the loan instrument

9         underlying the security instrument for which MERS serves as the

10        allegedly designated "nominee."

11   *    MERS has no legal or beneficial interest in the underlying mortgage

12        indebtedness underlying  the security instrument for which MERS

13        serves as the allegedly designated "nominee."

14   *    MERS has no interest in any aspect, legal, equitable, or beneficial, in the

15        underlying promissory note evidencing the underlying mortgage

16        indebtedness.

17   *    MERS is at no time is a party to the alleged underlying mortgage

18        indebtedness underlying the underlying security instrument which

19        MERS serves as the allegedly designated "nominee."

20   *    MERS has no financial, proprietary, and/or  or economic, interest in

21        whether a mortgage loan obligation is repaid by the mortgagor/borrower.

22   106.    Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by

23   and through the conduct of MERS, Deutsche Bank , and Chicago, commencing and

24   continuing from late 2010, and up through and including the date of the initiation of

25   these proceedings, constitutes both extortion and attempted extortion.  Plaintiff

26   alleges that  inasmuch as the conduct and action of defendants, committed by and

27   through the use of instrumentalities of federal commerce,  is intended to cause and

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

create fear in the mind of the plaintiff in order to obtain and receive plaintiff's property interests, through allegedly unlawful and illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and applicable Washington state law governing extortion and theft.

107.   Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

108.   Plaintiff alleges that defendants aided and abetted one another, and others not named herein, in connection with committing the primary substantive contraventions of federal law identified herein abo ve and are therefore jointly and severally liable as principals pursuant to Title 18 U.S.C. § 2.

109.   Plaintiff alleges that defendants conspired with one another to injury plaintiff in plaintiff's interests in business and/or property by reason of contravention of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to RICO § 1962(d) and the application of both  *Pinkerton v. United States*, 328 U.S. 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the commission of conspiratorial activities contravening RICO § 1962.


10.   **13305 29th Drive SE, Bothell, Washington 98012**

110.   Plaintiff alleges that on 3 August 2005,  plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $ 226,400.00.  This document was recorded as document number 2005-08220100 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the original lender of the Promissory Note is MortgageIt, Inc., ["Mortgage It"]. Mortgage

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

Electronic Registration Systems, Inc. ["MERS"] is not named as the payee of the promissory note but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Deed of Trust.  The original trustee under this Deed of Trust is Deutsche Bank Trust Company ["Deutsche Bank"].

111.   Plaintiff alleges that an Assignment of Deed of Trust was recorded as document number 2010-006290483 in the Official Records, Snohomish County, Washington, on 29 June 2010.  Plaintiff alleges that this document purports to be executed by MERS.

112.   Plaintiff alleges that on 6 June 2010, a Notice of Trustee's Sale was recorded as document number 2010-08030347 in the Official Records, Snohomish County, Washington.  Plaintiff alleges that the document evidences the document being executed by Marina Martin, employed by LSI Title Agency, Inc., Vancouver, Washington, and the Notary Public identified as Mrs. Dee C. Ortega, located in Los Angeles, California, thereby substantiating plaintiff's allegation of the existence of contrivance, fabrication, and false documentation generated to facilitate and further wrongful and illegal foreclosures.

113.   Plaintiff alleges that a Substitution of Trustee was recorded as document number 2010-09080326 in the Official Records, Snohomish County, Washington. Plaintiff alleges that the "Effective Date" is missing from the document executed by Mr. John Holtan, identified as a vice president of MERS and yet employed by Nova Star Mortgage, Inc., located in Lake Forest, California.  Plaintiff alleges that the Notary Public, identified as Mrs. Angela S. Bank, is located in Jackson County, Missouri, who allegedly appeared at the execution of the document in Snohomish County, Washington, which in fact was untrue.

114.   Plaintiff alleges that the Promissory Note was sold, transferred, and securitized  by Mortgage IT Trust 2005-AR1 with a closing date of 1 November 2005.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

115.   Plaintiff alleges that the Deed of Trust and the Promissory Note have taken two distinctly different paths.  The Deed of Trust was never transferred.  The Promissory Note was, however, pooled, and sold and transferred, the plaintiff's loan was combined and aggregated with other loans an d mortgages and this pool of loans and mortgages is estimated to be valued at approximately $377,877,100.

116.   Plaintiff alleges theat the Deed of Trust reveals the following material information:  MIN100112065698585524  and  MERS  SERVICER  ID  website http://www.mers-servicerid.org/sis/search specifically identifies JP Morgan Chase Bank, N.A., f.k/a/ EMC, is the servicer and no entity or individual, and/or any combination thereof, is identified or disclosed as an alleged "Investor."

117.   Plaintiff alleges that MERS, acting in concert with MERSCORP, the parent corporate affiliate and holding company of MERS, is actively involved and participates in connection with the collaborative actions of the lender and the facilitation and furtherance contributing to the mortgage backed securitization of the Promissory Note, thereby substantially diminishing, damaging, and injuring the property rights of the plaintiff  in the real property in the following manner:

*    Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt is not negotiated to MERS.

*    MERS is not entitled to receive a borrower's monthly mortgage payment, nor is MERS entitled to receive the proceeds of arising from a foreclosure or a deed of trust sale.

*    MERS is not the owner of the promissory note for which MERS seeks foreclosure.

*    MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which MERS serves as the allegedly designated "nominee."

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

\*     MERS has no legal or beneficial interest in the underlying mortgage indebtedness underlying  the security instrument for which MERS serves as the allegedly designated "nominee."

\*     MERS has no interest in any aspect, legal, equitable, or beneficial, in the underlying promissory note evidencing the underlying mortgage indebtedness.

\*     MERS is at no time is a party to the alleged underlying mortgage indebtedness underlying the underlying security instrument which MERS serves as the allegedly designated "nominee."

\*     MERS has no financial, proprietary, and/or  or economic, interest in whether a mortgage loan obligation is repaid by the mortgagor/borrower.

118.   Plaintiff alleges that the efforts, threats, and/or attempts to foreclose by and through the conduct of MERS, Deutsche Bank , and First American Title Insurance Company, commencing and continuing from 2011, and up through and including the date of the initiation of these proceedings, constitutes both extortion and attempted extortion.  Plaintiff alleges that  inasmuch as the conduct and action of defendants, committed by and through the use of instrumentalities of federal commerce,  is intended to cause and create fear in the mind of the plaintiff in order to obtain and receive plaintiff's property interests, through allegedly unlawful and illegal foreclosure proceedings, contravenes Title 18 U.S.C. § 1951 and § 1952, and applicable Washington state law governing extortion and theft.

119.   Plaintiffs allege that defendants' use of the federal mails and the federal interstate wires (including use of Internet) in connection  with the generation, transmission, dissemination, recording, filing, and publication of instruments containing material misrepresentations of fact and/or materially omitting to disclose facts  described herein above constitutes actionable federal mail fraud and federal wire fraud in contravention of Title 18 U.S.C. §§ 1341 and 1343.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    120.   Plaintiff alleges that defendants aided and abetted one another, and

2 others not named herein, in connection with committing the primary substantive

3 contraventions of federal law identified herein abo ve and are therefore jointly and

4 severally liable as principals pursuant to Title 18 U.S.C. § 2.

5    121.   Plaintiff alleges that defendants conspired with one another to injury

6 plaintiff in plaintiff's interests in business and/or property by reason of contravention

7 of RICO § 1962, and therefore are each liable, jointly and severally, pursuant to

8 RICO § 1962(d) and the application of both *Pinkerton v. United States*, 328 U.S.

9 640 (1946) [*Pinkerton* Doctrine] and mediate causation in connection with the

10 commission of conspiratorial activities contravening RICO § 1962.

11

12         ***Damages – Title 18 United States Code §§ 1964(a), (b), and ©):***

13    122.   Plaintiff has sustained injuries to plaintiff's interests in business and/or

14 property by reason of contravention of RICO §§ 1962(c), and (d), according to offer

15 of proof at time of trial.  Plaintiff is entitled to an award of damages, trebled pursuant

16 to RICO § 1964(c), accompanied with an award of attorneys' fees, costs, and

17 expenses.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*IV.*

*[RICO 18 United States Code § 1961(4) "Substantive RICO Fraud"*

*Enterprises]*

[**RICO § 1962©**]

123.   Plaintiff alleges that RICO defendants, and other persons acting in concert with RICO defendants unknown to plaintiffs, were employed by and associated with others, and engaged in conduct constituting a RICO §1961(5) pattern of racketeering activity.  Plaintiff further more alleges that said RICO defendants were knowledgeable and aware of the criminal activities those RICO defendants and others acting in concert therewith were engaged therein through the RICO enterprises identified herein.

124.   Plaintiff alleges that each of the following configurations listed herein below,  for   purposes of plaintiff'S RICO substantive claims, constitute a RICO ***"Substantive RICO Fraud"*** 'enterprise' as that term is defined pursuant to Title 18 United States Code § 1961(4) and within the strictures of ***Boyle v. United States***, 129 S. Ct. 2237 (2009) and ***Odom v. Microsoft Corp***., 486 F.3d 541 (9th Cir. 2007)(en banc).

125.   Plaintiff alleges, that in conducting the business and affairs of the RICO ***"Substantive RICO Fraud"*** enterprises  specifically identified for purposes of plaintiffs' substantive RICO § 1962©) claim for relief, ***V– First Claim For Relief***, committing the acts, omissions, misrepresentations, and breaches referred to herein between late 2010, through 2011, 2012, 2013, and  continuing up through and including the initiation of these proceedings, this date in 2014, RICO defendants engaged in a RICO pattern  of   racketeering activity in contravention of RICO § 1962©) inasmuch as said RICO  defendants, and RICO persons unknown to plaintiffs were employed by and/or  associated  with said RICO enterprises that were engaged in activities that affect federal interstate and/or foreign commerce, and conducted

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    such RICO enterprise affairs by and a RICO pattern of racketeering activity.

2

3    ***RICO Enterprise No.: # 1:***        Plaintiff alleges that during all times material

4                                            herein that Mortgage Electronic Registration

5                                            Systems, Inc., ["MERS"] and MERSCORP

6                                            constitute a RICO enterprise engaged in

7                                            conduct involving the electronic recording of

8                                            mortgage interests subject to sub-mortgage

9                                            securitization as well as participating in the

10                                           generation and creation of mortgage

11                                           instruments expressly and specifically

12                                           identified as a purported designee and alleged

13                                           denominated as a nominee for the

14                                           mortgagee/lender. Plaintiff alleges that

15                                           MERSCORP is the corporate parent affiliated

16                                           entity owning, controlling, managing,

17                                           participating, and directing the conduct and

18                                           the affairs of MERS. Plaintiff alleges that

19                                           MERS and MERSCORP engage in a RICO

20                                           pattern of racketeering activity by and

21                                           through the RICO enterprise alleged herein

22                                           that affects federal interstate and/or foreign

23                                           commerce.

24

25    ***RICO Enterprise No.: # 2:***        Plaintiff alleges that during all times material

26                                           herein that American Mortgage Network, Inc.,

27                                           constitutes a RICO enterprise engaged in

28

      COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
46    OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

conduct involving the generation, creation, promotion, and issuance of sub-prime mortgage instruments,, by and through the employment of federal mails and federal interstate wires, the purpose being to securitize the mortgage instruments through the pooling of such mortgage instruments through mortgage backed securities trusts. Plaintiff alleges that American Mortgage Network, Inc., acts and functions in concert with MERS, U.S. National Bank, Deutsche Bank Trust Company Americas, Deutsche Bank Trust Company, GMAC Mortgage, LLC, , Cal-Western Reconveyance Corporation,  and First American Title insurance Company in facilitating and furthering the mortgage backed securitization offering and selling of securitized mortgage instruments by and through pooling and servicing agreements.  Plaintiff alleges that American Mortgage Network, Inc., acts in concert with Wachovia Mortgage Loan Trust, Series 2006-AMN1, and RALI Series 2007-QO4 Trust in connection with the offer and sale mortgage-backed securities by and through federal mails and federal wires. Plaintiff alleges that American Mortgage

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1   Network, Inc., engage in a RICO pattern of

2   racketeering activity by and through the

3   RICO enterprise alleged herein that affects

4   federal interstate and/or foreign commerce.

5

6   ***RICO Enterprise No.: # 3:***   Plaintiff alleges that during all times material

7   herein that MortgageIt, Inc., constitutes a

8   RICO enterprise engaged in conduct

9   involving the generation, creation,

10   promotion, and issuance of sub-prime

11   mortgage instruments,, by and through the

12   employment of federal mails and federal

13   interstate wires, the purpose being to

14   securitize the mortgage instruments through

15   the pooling of such mortgage instruments

16   through mortgage backed securities trusts.

17   Plaintiff alleges that MortgageIt, Inc., acts

18   and functions in concert with MERS, U.S.

19   National Bank, Deutsche Bank Trust

20   Company Americas, Deutsche Bank Trust

21   Company, LSI Title Agency, and First

22   American Title Insurance Company in

23   facilitating and furthering the mortgage

24   backed securitization offering and selling of

25   securitized mortgage instruments by and

26   through pooling and servicing agreements.

27   Plaintiff alleges that MortgageIt, Inc., acts in

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
48   OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1    concert with MortgageIT Trust 2005-AR1 in

2    connection with the offer and sale mortgage-

3    backed securities by and through federal

4    mails and federal wires.  Plaintiff alleges that

5    MortgageIt, Inc., engage in a RICO pattern of

6    racketeering activity by and through the

7    RICO enterprise alleged herein that affects

8    federal interstate and/or foreign commerce.

9

10   *RICO Enterprise No.: # 4:*    Plaintiff alleges that during all times material

11   herein that IndyMac Bank, F.S.B., constitutes

12   a RICO enterprise engaged in conduct

13   involving the    generation,    creation,

14   promotion,   and   issuance   of   sub-prime

15   mortgage instruments,, by and through the

16   employment of federal mails and federal

17   interstate  wires,  the  purpose  being  to

18   securitize the mortgage instruments through

19   the pooling of such mortgage instruments

20   through mortgage backed securities trusts.

21   Plaintiff alleges that  IndyMac Bank, F.S.B.,

22   acts and functions in concert with FDIC as

23   Receiver, MERS, U.S. National Bank, One

24   West Bank, Northwest Trustee Services, Inc.,

25   RCO Legal, P.S., Routh  Crabtree  & Olsen,

26   P.S.  ,  Deutsche  Bank  Trust  Company

27   Americas, Deutsche Bank Trust Company,

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 [“RICO”][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    and First American Title Insurance Company

2    in facilitating and furthering the mortgage

3    backed securitization offering and selling of

4    securitized mortgage instruments by and

5    through pooling and servicing agreements.

6    Plaintiff alleges that  IndyMac Bank, F.S.B.,

7    acts in concert with IndyMac INDX Mortgage

8    Loan Trust 2007-AR17 in connection with the

9    offer and sale mortgage-backed securities by

10   and through federal mails and federal wires.

11   Plaintiff alleges that  IndyMac Bank, F.S.B.,

12   engage in a RICO  pattern of racketeering

13   activity by and through the RICO enterprise

14   alleged herein that affects federal interstate

15   and/or foreign commerce.

16

17   **_RICO Enterprise No.: # 5:_**     Plaintiff alleges that during all times material

18   herein that Mortgage Electronic Registration

19   Systems, Inc.,   ["MERS"], and IndyMac

20   Bank, F.S.B.,  American Mortgage Network,

21   Inc.,   MortgageIt,   Inc.,   and   other

22   lenders/mortgagees,  and  with     FDIC  as

23   Receiver,  LSI Title Agency, U.S. National

24   Bank, One West Bank, Northwest Trustee

25   Services,  Inc.,  RCO  Legal,  P.S.,  Routh

26   Crabtree    & Olsen, P.S. , Deutsche Bank

27   Trust  Company  Americas,  Deutsche  Bank

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1  Trust Company, and First American Title
2  insurance Company, constitute a RICO
3  enterprise engaged in conduct involving the
4  initiation of foreclosure proceedings, by and
5  through serving as a nominee for
6  mortgagees/lenders issuing sub-prime
7  mortgage and conventional mortgage loan
8  obligations. Plaintiff alleges that MERS acts
9  in concert with IndyMac Bank, F.S.B.,
10  American Mortgage Network, Inc.,
11  MortgageIt, Inc., and other
12  lenders/mortgagees, and with  FDIC as
13  Receiver,  LSI Title Agency, U.S. National
14  Bank, One West Bank, Northwest Trustee
15  Services, Inc., RCO Legal, P.S., Routh
16  Crabtree  & Olsen, P.S. , Deutsche Bank
17  Trust Company Americas, Deutsche Bank
18  Trust Company, and First American Title
19  insurance Company, in facilitating and
20  furthering the foreclosure proceeding process
21  as allege herein as a routine and basic form of
22  conducting business, and is actively involved
23  in the conduct of the affairs of the RICO
24  enterprise. Plaintiff alleges that MERS and
25  IndyMac Bank, F.S.B.,  American Mortgage
26  Network, Inc., MortgageIt, Inc., and other
27  lenders/mortgagees, and with  FDIC as
28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1   Receiver,  LSI Title Agency, U.S. National

2   Bank, One West Bank, Northwest Trustee

3   Services, Inc., RCO Legal, P.S., Routh

4   Crabtree  & Olsen, P.S. , Deutsche Bank

5   Trust Company Americas, Deutsche Bank

6   Trust Company, and First American Title

7   insurance Company  engage in a RICO

8   pattern of racketeering activity by and

9   through the RICO enterprise alleged herein

10   that affects federal interstate and/or foreign

11   commerce.

12

13   *RICO Enterprise No.: # 6:*   Plaintiff alleges that Northwest Trustee

14   Services, Inc., RCO Legal, P.S., and Routh

15   Crabtree  & Olsen, P.S. , constitute a RICO

16   enterprise engaged in conduct involving the

17   initiation of foreclosure proceedings, by and

18   through the activities of MERS, serving as a

19   nominee for mortgagees/lenders issuing sub-

20   prime  mortgage and conventional mortgage

21   loan obligations. Plaintiff alleges that

22   constitute a RICO enterprise engaged in

23   conduct involving the initiation of

24   foreclosure proceedings, by and through

25   serving as a nominee for mortgagees/lenders

26   issuing sub-prime mortgage and conventional

27   mortgage loan obligations. Plaintiff alleges

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1    that Northwest Trustee Services, Inc., RCO

2    Legal, P.S., and Routh  Crabtree  & Olsen,

3    P.S., acts in concert with MERS in connection

4    with said foreclosure proceedings as a regular

5    and routine means of conducting business, as

6    allegedly  herein.    Plaintiff  alleges  that

7    Northwest Trustee Services, Inc., RCO Legal,

8    P.S., and Routh   Crabtree  & Olsen, P.S. ,

9    engage  in a  RICO   pattern of racketeering

10   activity by and through  the  RICO enterprise

11   alleged herein that affects federal interstate

12   and/or foreign commerce.

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1

*V.*

2

*MULTIPLE CLAIMS FOR RELIEF*

3

*FIRST CLAIM FOR RELIEF*

4

*[For Commission of Substantive Contravention of RICO § 1962©) of the*

5

*Racketeer Influenced and Corrupt Organization Act of 1970*

6

*["RICO"]*

7

*[Title 18 United States Code § 1962©)]*

8

[Against All Defendants]

9   126.   For Plaintiff's First Claim for Relief, plaintiff realleges and incorporates

10   herein  Paragraphs 1 through 125.

11

*[RICO 18 U.S.C. §§1961(1)(A)-(B) Racketeering Activity]*

12

Federal Aiding and Abetting: Title 18 U.S.C. § 2(a)

13

Federal Aiding and Abetting: Title 18 U.S.C. § 2(b)

14

Federal Bankruptcy Fraud: Title 18 U.S.C. §§ 152, 157

15

Federal Mail Fraud:  Title 18 U.S.C. § 1341

16

Federal Wire Fraud:  Title 18 U.S.C. § 1343

17

Federal Extortion:  Title 18 U.S.C. § 1951

18

Federal Racketeering:  Title 18 U.S.C. § 1952

19   127.   Plaintiff alleges that RICO defendants engaged in the aforementioned

20   feloniously criminal   activities, with the intent to harm plaintiffs' interests in

21   plaintiffs' business and/or property.  Plaintiff alleges that the these activities engaged

22   in by said defendants injured plaintiffs' business and/or property interests in

23   connection with their business activities that affect federal interstate and/or foreign

24   commerce, resulting in loss of plaintiffs' property interests, existing commercial

25   business relationships, prospective economic advantages, business opportunities, and

26   monies.

27   128.   Plaintiff alleges that the afore described activities constitute conduct

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

engaged in by defendants to deprive plaintiffs of their interests in business and/or property, committed by and through commission of federal aiding and abetting, fraud, federal wire fraud, federal extortion, federal racketeering, and extortion as statutorily defined under Washington state law , and are therefore indictable as 'racketeering activity," as that term is defined pursuant to Title  18 United States Code §§ 1961(1)(A)-(B).

## *[RICO 18 U.S.C. §§1961(5) Pattern of Racketeering Activity]*

129.   Plaintiff alleges that the  course of conduct engaged in by said RICO defendants constitutes both continuity and relatedness of the racketeering activity, thereby constituting a 'pattern of racketeering activity,' as that term is defined pursuant to Title 18 United States Code §§ 1961(5).  Plaintiff alleges that the continuity of the pattern of racketeering activity is both closed -ended inasmuch as a series of related predicate offenses extend over a substantial period of time, and open-ended inasmuch as the racketeering activities themselves include a specific threat of repetition extending indefinitely into the future and/or that the predicate offenses comprise and constitute constituent elements of a part of an ongoing entity's and/or person's regular way of conducting and/or doing business.

## *[RICO 18 United States Code § 1961(4) Enterprise]*

130.   Plaintiff alleges that RICO defendants, and other persons acting in concert with RICO defendants unknown to plaintiffs, were employed by and associated with others, and engaged in conduct constituting a RICO §1961(5) pattern of racketeering activity.  Plaintiffs further more allege that said RICO defendants were knowledgeable and aware of the criminal activities  those RICO defendants and others acting in concert therewith were engaged therein through the RICO enterprises identified herein.

131.   Plaintiff alleges that each of the following configurations, for  purposes of plaintiffs' RICO substantive claims, constitute a RICO 'enterprise' as that term is

1  defined pursuant to Title 18 United States Code § 1961(4) and within the strictures

2  of *Boyle v. United States*, 129 S. Ct. 2237 (2009) and *Odom v. Microsoft Corp*., 486

3  F.3d 541 (9th Cir. 2007)(en banc).

4      132.  Plaintiff alleges, that in conducting the business and affairs of the RICO

5  enterprises  specifically identified for purposes of plaintiffs' substantive RICO §

6  1962©) claims for relief, committing the acts, omissions, misrepresentations, and

7  breaches referred to herein between late, 2010, through 2011, 2012, 2013, and

8  continuing up through and including the initiation of these proceedings this date in

9  2014, RICO defendants engaged in a RICO pattern  of  racketeering activity in

10  contravention of RICO § 1962©) inasmuch as said RICO  defendants, and RICO

11  persons unknown to plaintiffs were employed by and/or  associated  with said RICO

12  enterprises that were engaged in activities that affect federal interstate and/or foreign

13  commerce, and conducted such RICO enterprise affairs by and a RICO pattern of

14  racketeering activity.

15                          *[RICO Recovery]*

16      133.  Plaintiff is entitled to recover, pursuant to Title 18 United States Code

17  § 1964©), treble damages in an amount to be determined by offer of proof at time of

18  trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as

19  well as damages arising from lost profits and/or lost business opportunities

20  proximately caused by RICO defendants committed in furtherance of contravention

21  of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title

22  18 U.S.C.  §§ 1961, et.seq.].

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
      OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*SECOND  CLAIM FOR RELIEF*

*[For Commission of Aiding and Abetting Substantive Contravention of RICO §*

*1962©) of the Racketeer Influenced and Corrupt Organization Act of 1970*

*["RICO"][Title 18 United States Code § 1962©)]*

[Against All Defendants]

134.  For Plaintiff's Second Claim for Relief, plaintiff realleges and incorporates herein  Paragraphs 1 through 125.

135.   Plaintiff alleges that the RICO defendants employed the federal mails and/or federal interstate wires, as well as engaged in the commission of racketeering activity, to aid and abet the substantive RICO § 1962©) contraventions committed as alleged herein.

136.   Plaintiff alleges that RICO defendants:  (1) were associated with the feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the commission of the substantive RICO contraventions committed; (3) participated in it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and further its success; and (5)  substantially assisted in the commission of the substantive RICO contraventions committed by other RICO co-defendants.

*[RICO Recovery]*

137.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code § 1964©), treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

***THIRD  CLAIM FOR RELIEF***

***[For Commission of  Substantive Contravention of RICO § 1962©) of the***

***Racketeer Influenced and Corrupt Organization Act of 1970***

***["RICO"][Title 18 United States Code § 1962©)]***

***[Respondeat Superior Liability]***

[Against All Defendants]

138.    For Plaintiff's Third Claim for Relief, plaintiff realleges and incorporates herein Paragraphs 1 through 125.

139.    Plaintiff alleges that during all times material herein various individuals and persons functioned and served in the capacities of agent, employee, director, designee, officer, representative, manager, supervisor, employee, and/or servant upon behalf of defendants, engaged in the feloniously criminal conduct alleged herein in such representative capacities, and that as proximate result thereof, defendants derived a benefit thereby.

140.    Plaintiff alleges that the commission of the feloniously criminal conduct of defendants' agents, employees, officers, directors, partners, representatives, designees, nominees, and deputies dit, Inc., arose within the course and scope of the employ and/or agency with defendants.

141.    Plaintiff alleges that as a direct and proximate cause and result thereof, defendants  are vicariously and derivatively liable for contravening RICO § 1962©).

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1    142.   Plaintiff alleges that defendants ratified, authorized, acquiesced, and/or
2    consented to the feloniously criminal conduct committed as alleged herein above,
3    thereby proximately causing injuries to plaintiff's interests in business and/or
4    property by reason of violation of RICO § 1962©).

5

6                          *[RICO Recovery]*

7    143.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code
8    § 1964©), treble damages in an amount to be determined by offer of proof at time of
9    trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation,
10   as well as damages arising from lost profits and/or lost business opportunities
11   proximately caused by RICO defendants committed in furtherance of contravention
12   of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title
13   18 U.S.C. §§ 1961, et.seq.].
14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*FOURTH  CLAIM FOR RELIEF*

*[For Commission of RICO Aiding and Abetting RICO § 1962(d) Conspiracy*

*Contravention of RICO § 1962©) of the Racketeer Influenced and Corrupt*

*Organization Act of 1970["RICO"][Title 18 United States Code § 1962©)]*

*[RE: RICO § 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas v. United States, 522 U.S. 52 (1997)]*

[Against All Defendants]

144.  For Plaintiff's Fourth Claim for Relief, plaintiff realleges and incorporates herein Paragraphs 1 through 125.

145.  Plaintiff alleges that the RICO defendants employed the federal mails and/or federal interstate wires, as well as engaged in the commission of racketeering activity, to aid and abet the substantive RICO § 1962©) contraventions committed as alleged herein.

146.  Plaintiff alleges that the RICO defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other RICO defendants' conduct by virtue of the affiliating with one another for criminal purposes.  Plaintiff alleges that such criminal affiliation constitutes a voluntary act committed with a culpable ***mens rea*** that causes a societal harm and concomitant social injury

147.  Plaintiff alleges that the RICO defendants' conduct constituted aiding and abetting a RICO § 1962(d) conspiracy inasmuch as RICO defendants were:

      A.    associated with a criminal venture as alleged herein;

      B.    that the RICO defendants participated in the criminal venture as something the RICO defendants wished to bring about; and,

      C.    that the RICO defendants sought by their actions to make it

1    succeed.

2    148.   Plaintiff alleges that RICO defendants:  (1) were associated with the

3  feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the

4  commission of the substantive RICO contraventions committed; (3) participated in

5  it with the intent to bring it about; (4) sought by defendants' actions to facilitate and

6  further its success; and (5) substantially assisted in the commission of the substantive

7  RICO contraventions committed by other RICO co-defendants.

8

9    149.   Plaintiff alleges that the RICO defendants aided and abetted a RICO §

10  1962(d) conspiracy between said RICO defendants to contravene RICO § 1962©) to

11  injure plaintiffs' interests in business and/or property.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

150.   Plaintiff alleges that the defendants are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton v. United States***, 328 U.S. 640 (1946) and ***Salinas v. United States***, 522 U.S. 52 (1997)] for the substantive RICO § 1962©) contraventions committed by RICO defendants inasmuch as:

A.   Defendants engaged in the criminal activities that constitute the RICO § 1961(5) pattern of racketeering activity;

B.   Defendants are members of the RICO § 1962(d) conspiracy designed and intended to contravene RICO § 1962©);

C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO § 1962(d) conspiracy designed and intended to contravene RICO § 1962©);

D.   Defendants are members of the RICO § 1962(d) conspiracy at and during the time frame the criminal activities were committed that constitute the RICO § 1961(5) pattern of racketeering activity; and,

E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

### *[RICO Recovery]*

151.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code § 1964©), treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

*FIFTH  CLAIM FOR RELIEF*

*[For Commission of RICO § 1962(d) Conspiracy Contravention of RICO §*

*1962©) of the Racketeer Influenced and Corrupt Organization Act of*

*1970["RICO"][Title 18 United States Code § 1962©)]*

*[RE: RICO § 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas v. United States, 522 U.S. 52 (1997)]*

[Against All Defendants]

152.  For Plaintiff's  Fifth   Claim   for   Relief, plaintiff  realleges  and incorporates herein  Paragraphs 1 through 125.

*[RICO Conspiratorial Liability – Mediate Causation Contentions]*

153.  Plaintiff alleges that commencing in late 2010, and during and continuing at all times material herein thereafter, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or criminal conduct giving rise to the RICO § 1962©) contraventions.   Plaintiff alleges that the conspiratorial objective of that mutual agreement was intended and designed to destroy, injure, and damage plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO § 1962(d).

154.  Plaintiff alleges that the RICO defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other RICO defendants' conduct by virtue of the affiliating with one another for criminal purposes.   Plaintiff alleges that such criminal affiliation constitutes a voluntary act committed with a culpable *mens rea* that causes a societal harm and concomitant social injury

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

155.   Plaintiff alleges that the RICO defendants' conduct constituted aiding and abetting a RICO § 1962(d) conspiracy inasmuch as RICO defendants were:

A.   associated with a criminal venture as alleged herein;

B.   that the RICO defendants participated in the criminal venture as something the RICO defendants wished to bring about; and,

C.   that the RICO defendants sought by their actions to make the criminal venture succeed.

156.   Plaintiff alleges that RICO defendants:  (1) were associated with the feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the commission of the substantive RICO contraventions committed; (3) participated in it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and further its success; and (5)  substantially assisted in the commission of the substantive RICO contraventions committed by other RICO co-defendants.

157.   Plaintiff alleges that the RICO defendants aided and abetted a RICO § 1962(d) conspiracy between said RICO defendants to contravene RICO § 1962©) to injure plaintiffs' interests in business and/or property.

158.   Plaintiff alleges that the defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton v. United States**, 328 U.S. 640 (1946) and **Salinas v. United States**, 522 U.S. 52 (1997)] for the substantive RICO § 1962©) contraventions committed by RICO defendants inasmuch as:

A.   Defendants engaged in the criminal activities that constitute the RICO § 1961(5) pattern of racketeering activity;

B.   Defendants are members of the RICO § 1962(d) conspiracy designed and intended to contravene RICO § 1962©);

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/**Pinkerton** Doctrine

C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO § 1962(d) conspiracy designed and intended to contravene RICO § 1962©);

D.   Defendants are members of the RICO § 1962(d) conspiracy at and during the time frame the criminal activities were committed that constitute the RICO § 1961(5) pattern of racketeering activity; and,

E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

*[RICO Recovery]*

159.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code § 1964©), treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///
///
///
///
///
///
////

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*SIXTH  CLAIM FOR RELIEF*

*[For Commission of RICO § 1962(d) Conspiracy Contravention of RICO §*

*1962©) of the Racketeer Influenced and Corrupt Organization Act of*

*1970["RICO"][Title 18 United States Code § 1962©)]*

*[RE: RICO § 1962(d) Conspiracy to Commit RICO Aiding and Abetting RICO §*

*1962©)] [RE: RICO § 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

*and Salinas v. United States, 522 U.S. 52 (1997)]*

[Against All Defendants]

160.  For   Plaintiff's Sixth Claim for Relief, plaintiff realleges and incorporates herein Paragraphs 1 through 125.

*[RICO Conspiratorial Liability – Mediate Causation Contentions]*

161.  Plaintiff alleges that commencing in late 2010, and during and continuing at all times material herein thereafter, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or criminal conduct giving rise to the RICO § 1962©) contraventions.   Plaintiff alleges that the conspiratorial objective of that mutual agreement was intended and designed to destroy, injure, and damage plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO § 1962(d).

162.  Plaintiff alleges that the RICO defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other RICO defendants' conduct by virtue of the affiliating with one another for criminal purposes.  Plaintiff alleges that such criminal affiliation constitutes a voluntary act committed with a culpable ***mens rea*** that causes a societal harm and

1   concomitant social injury

2

3   163.   Plaintiff alleges that the RICO defendants' conduct constituted aiding

4   and abetting a RICO § 1962(d) conspiracy inasmuch as RICO defendants were:

5         A.   associated with a criminal venture as alleged herein;

6         B.   that the RICO defendants participated in the criminal venture as

7             something the RICO defendants wished to bring about; and,

8         C.   that the RICO defendants sought by their actions to make the

9             criminal venture succeed.

10

11   164.   Plaintiff alleges that RICO defendants:  (1) were associated with the

12   feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the

13   commission of the substantive RICO contraventions committed; (3) participated in

14   it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and

15   further its success; and (5)  substantially assisted in the commission of the substantive

16   RICO contraventions committed by other RICO co-defendants.

17

18   165.   Plaintiff alleges that the RICO defendants aided and abetted a RICO §

19   1962(d) conspiracy between said RICO defendants to contravene RICO § 1962©) to

20   injure plaintiff's interests in business and/or property.

21

22   166.   Plaintiff alleges that the defendants are conspiratorially liable under

23   application of the ***Pinkerton*** Doctrine [***Pinkerton v. United States***, 328 U.S. 640

24   (1946) and ***Salinas v. United States***, 522 U.S. 52 (1997)] for the aiding and abetting

25   of the substantive RICO § 1962©) contraventions committed by RICO defendants

26   inasmuch as:

27         A.   Defendants engaged in the criminal activities that constitute the

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1    RICO § 1961(5) pattern of racketeering activity;

2    B.    Defendants are members of the RICO § 1962(d) conspiracy

3          designed and intended to contravene RICO § 1962©);

4    C.    Defendants engaged in activities in furtherance of advancing and

5          promoting the RICO § 1962(d) conspiracy designed and intended

6          to contravene RICO § 1962©);

7    D.    Defendants are members of the RICO § 1962(d) conspiracy at and

8          during the time frame the criminal activities were committed that

9          constitute the RICO § 1961(5) pattern of racketeering activity;

10         and,

11   E.    The offense fell within the scope of the unlawful agreement and

12         could reasonably have been foreseen to be a necessary or natural

13         consequence of the unlawful agreement.

14

15   *[RICO Recovery]*

16

17   167.   Plaintiffs are entitled to recover, pursuant to Title 18 United States Code

18   § 1964©), treble damages in an amount to be determined by offer of proof at time of

19   trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation,

20   as well as damages arising from lost profits and/or lost business opportunities

21   proximately caused by RICO defendants committed in furtherance of contravention

22   of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title

23   18 U.S.C. §§ 1961, et.seq.].

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

## SEVENTH CLAIM FOR RELIEF

### [For Commission of Washington Criminal Profiteering Act]

### [R.C.W.  §§  9A.82.080(1)(a)-(2)(a), (3)(a)]

[Against All Defendants]

168.   For Plaintiff's Seventh Claim for Relief, plaintiff realleges and incorporates herein  Paragraphs 1 through 125, and each and every claim for relief alleged pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961, et.seq.].

169.   Plaintiff alleges  that defendants engaged in both a course of conduct and a pattern of practice as described more fully herein below that constitutes criminal profiteering.

170.   Plaintiff alleges that  during  all times material herein defendants engaged in "criminal profiteering" in one or more of the following instances as statutorily defined pursuant to RCW 9A.82.010(4):

i..   RCW 9A.82.010(4)(d)(forgery)

ii.   RCW 9A.82.010(4)(e)(theft)(including conspiracy, aiding and abetting, and attempt)

iii.   RCW  9A.82.010(4)(k)(extortion)(including  conspiracy,  aiding  and abetting, and attempt)

iv.   RCW  9A.82.010(4)(m)(extortionate  extension  of  credit)(including conspiracy, aiding and abetting, and attempt)

v.   RCW 9A.82.010(4)(o)(collection of an extortionate extension of credit)

vi.   RCW  9A.82.010(4)(p)(collection  of  an  unlawful  debt)(including conspiracy, aiding and abetting, and attempt)

vii.   RCW 9A.82.010(4)(r)(trafficking in stolen property)

viii.   RCW 9A.82.010(4)(s)(leading organized crime)

ix.   RCW  9A.82.010(4)(oo)(theft  with  the  intent  to  resell)(including

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

69

conspiracy, aiding and abetting, and attempt)

x.    RCW 9A.82.010(4)(qq)(mortgage fraud)(including conspiracy, aiding and abetting, and attempt)

171.   Plaintiff alleges that  during  all times material herein defendants functioned as a criminal "enterprise" as that term is statutorily defined pursuant to RCW  9A.82.010(8), and as criminal "enterprises" as specifically alleged and particularly formulated and identified herein above under RICO § 1961(4) and for purposes of the RICO § 1962(c), claim for relief.

172.   Plaintiff alleges that during all times material herein defendants engaged in "extortionate means" as that term is statutorily defined pursuant to RCW 9A.82.010(10).

173.   Plaintiff alleges that during all times material here in defendants engaged in a "pattern of criminal profiteering activity,"  as that term is statutorily defined pursuant to RCW  9A.82.010(12), having committed at least three acts of criminal profiteering, with the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise(s), none being mere isolated events or coincidences.  Plaintiffs further allege that the conduct engaged in by these particular defendants is an established and recognized means of conducting business both within Washington and outside of Washington, to wit, defendants' "***modus operandi***" for purposes of ER 404(b) "other crimes" evidence.

///
///
///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

174.   Plaintiff alleges that during all times material herein   defendants engaged in committing, conspiring to commit, and aiding and abetting one another, to obtain and receive proceeds derived from a   pattern of criminal profiteering, including, but not restrictive to, the acquisition of any title to, or any right, interest or equity in real property, as statutorily described pursuant to   RCW 9A.82.080(1)(a)-(2)(a), (3)(a).

175.   Plaintiff alleges that plaintiff sustained an injury to their person, business, and/or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, and is entitled therefore to recover both   monetary damages and  appropriate  remedial relief as statutorily provided pursuant to RCW 9A.82.100(1)(a)-©), including recovery of treble damages, both jointly and severally, as well as an award of attorneys' fees, costs, and expenses.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

1

2

3

4

5

### EIGHTH  CLAIM FOR RELIEF

### [For Commission of Conspiracy to Contravene Washington Criminal

### Profiteering Act]

### [R.C.W.  §§  9A.82.080(1)(a)-(2)(a), (3)(a)]

[Against All Defendants]

6

7

8

9

176.   For Plaintiff's Eighth   Claim for Relief, plaintiff realleges and incorporates  Paragraphs 1 through 117, and each and every claim for relief alleged pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961, et.seq.].

10

11

12

### [Criminal Profiteering Conspiratorial Liability – Mediate Causation

### Contentions]

13

14

15

16

17

18

19

20

177.   Plaintiff alleges that commencing in 2010, and during and continuing at all times material herein thereafter,  defendants mutually agreed to engage in the aforementioned racketeering activities and/or criminal conduct giving rise to the R.C.W.  9A.82.080(1)(a)-(2)(a), (3)(a) contraventions.  Plaintiff alleges that the conspiratorial objective of that mutual agreement was intended and designed to destroy, injure, and damage plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of the Washington Criminal Profiteering Act.

21

22

23

24

25

26

27

178.   Plaintiff alleges that the defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other defendants' conduct by virtue of the affiliating with one another for criminal purposes.  Plaintiff alleges that such criminal affiliation constitutes a voluntary act committed with a culpable *mens rea* that causes a societal harm and concomitant social injury

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

179.   Plaintiff alleges that the defendants' conduct constituted aiding and abetting a R.C.W.   9A.82.080(1)(a)-(2)(a), (3)(a) conspiracy inasmuch as RICO defendants were:

> A.   associated with a criminal venture as alleged herein;
>
> B.   that the RICO defendants participated in the criminal venture as something the RICO defendants wished to bring about; and,
>
> C.   that the RICO defendants sought by their actions to  the criminal venture succeed.

180.   Plaintiff alleges that defendants:   (1) were associated with the feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the commission of the substantive contraventions committed; (3) participated in it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and further its success; and (5)   substantially assisted in the commission of the substantive R.C.W.   9A.82.080(1)(a)-(2)(a), (3)(a) contraventions committed by other co-defendants.

181.   Plaintiff alleges that the defendants aided and abetted a   R.C.W. 9A.82.080(1)(a)-(2)(a), (3)(a) conspiracy between said defendants to contravene R.C.W. 9A.82.080(1)(a)-(2)(a), (3)(a) to injure plaintiffs' interests in business and/or property.

182.   Plaintiff alleges that the defendants are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton v. United States***, 328 U.S. 640 (1946) and ***Salinas v. United States***, 522 U.S. 52 (1997)] for the substantive R.C.W. 9A.82.080(1)(a)-(2)(a), (3)(a)   contraventions committed by RICO defendants inasmuch as:

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

73

A.   Defendants engaged in the criminal activities that constitute the RCW  9A.82.010(12) pattern of criminal racketeering activity;

B.   Defendants are members of the conspiracy designed and intended to contravene  R.C.W.  9A.82.080(1)(a)-(2)(a), (3)(a);

C.   Defendants engaged in activities in furtherance of advancing and promoting the R.C.W.  9A.82.080(1)(a)-(2)(a), (3)(a) conspiracy designed and intended to contravene  R.C.W.  9A.82.080(1)(a)-(2)(a), (3)(a);

D.   Defendants are members of the  R.C.W.  9A.82.080(1)(a)-(2)(a), (3)(a) conspiracy at and during the time frame the criminal activities were committed that constitute the RCW 9A.82.010(12) pattern of criminal racketeering activity; and,

E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

183.   Plaintiff alleges that plaintiff sustained an injury to their person, business, and/or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, and is entitled therefore to recover both  monetary damages and  appropriate  remedial relief as statutorily provided pursuant to RCW 9A.82.100(1)(a)-©), including recovery of treble damages, both jointly and severally, as well as an award of attorneys' fees, costs, and expenses.

///

///

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

*VI.*

*PRAYER*

**WHEREFORE**, plaintiff Charles Greg Nygard prays for entry of judgment against defendants, and each and every one of these defendants, jointly and severally, as follows:

1.      For entry of judgment of compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO §§ 1962(c), and (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1962(c) and (d)], trebled pursuant to RICO § 1964©), of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. § 1964©)];

2.      For entry of judgment and appropriate orders for issuance of equitable relief pursuant to RICO §§ 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1964(a)-(b)];

3.      For entry of judgment and appropriate orders for issuance of declaratory relief pursuant to RICO §§ 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1964(a)-(b)];

4.      For entry of judgment and an award of attorneys' fees, costs, and expenses arising from judgment entered upon finding of contravention of RICO §§ 1962(c) and (d) pursuant to RICO § 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. § 1964©)];

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine

5.    For recovery under federal supplemental claims jurisdiction [Title 28 U.S.C. § 1367(b)]; and,

6.    For such further and other relief as this Honourable Court deems just, equitable, and proper in the premises.

***Respectfully presented,***

Dated: 10 November  2014.

DEAN BROWNING WEBB
ATTORNEY and COUNSELOR AT LAW

By:  ***/s/ Dean Browning Webb***
DEAN BROWNING WEBB, ESQ. WSBA # 10735
ATTORNEY and COUNSELOR AT LAW
515 EAST 39TH STREET
VANCOUVER, WA 98663-2240
TELEPHONE: [503] 629-2176
ELECTRONIC MAILING ADDRESS:
Ricoman1968@aol.com

ATTORNEYS FOR PLAINTIFF:

Charles Greg Nygard

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/***Pinkerton*** Doctrine

1

2

3

4

*VII.*

*DEMAND FOR TRIAL BY JURY*

*PURSUANT TO THE SEVENTH AMENDMENT*

*OF THE CONSTITUTION OF THE  UNITED STATES OF AMERICA*

5      Plaintiff Charles Greg Nygard  hereby demand that this cause be tried before

6  a jury pursuant to the Seventh Amendment of the Constitution of the United States

7  of America (Amend VII of the Constitution of the United States of America),  Rule

8  38(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 38.1 of the Local

9  Civil Rules of the United States District Court for the Eastern District of Washington.

10  *Respectfully presented,*

11  Dated: 10 November 2014.

12                          DEAN BROWNING WEBB
                            ATTORNEY and COUNSELOR AT LAW
13
                        By:  */s/ Dean Browning Webb*
14                          DEAN BROWNING WEBB, ESQ. WSBA # 10735
                            ATTORNEY and COUNSELOR AT LAW
15                          515 EAST 39TH STREET
                            VANCOUVER, WA 98663-2240
16                          TELEPHONE: [503] 629-2176
                            ELECTRONIC MAILING ADDRESS:
17                          Ricoman1968@aol.com

18                          ATTORNEYS FOR PLAINTIFF:

19                          Charles Greg Nygard

20

21

22

23

24

25

26

27

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][18 U.S.C.§§ 1961,et.seq.]RICO §§ 1962(c), 1962(d)/*Pinkerton* Doctrine