THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GREG NYGARD, | CASE NO. C14-1730-JCC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on the motions to dismiss by Defendants Northwest Trustee Services, Inc. (NWTS) (Dkt. No. 46); First American Title Insurance Company (Dkt. No. 50); MortgageIT, Inc. (Dkt. No. 52); and Mortgage Electronic Registration Systems, Inc. (MERS) (Dkt. No. 56). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I.    BACKGROUND

On November 11, 2014, Plaintiff Charles Nygard filed a complaint against multiple defendants—including the present movants—alleging six claims for relief under the Racketeer Influenced and Corrupt Organization Act of 1970 (RICO) and two claims for relief under the

1    Washington Criminal Profiteering Act (WCPA). (Dkt. No. 1.) The defendants consist of many

2    financial entities that Plaintiff asserts acted in concert to facilitate wrongful foreclosures. (*See*

3    Dkt. No. 1 at 5, 46-53.) Essentially, Plaintiff alleges a scheme wherein the interest in his

4    properties was transferred from entity to entity—sometimes fraudulently—and then MERS,

5    along with various other defendants, sought to foreclose upon the properties without proper

6    authority. Plaintiff identifies ten properties that were allegedly affected, each of which served as

7    security for a promissory note obtained by Plaintiff between August 3, 2005 and August 3, 2007.

8    (Dkt. No. 1 at 7-40.)

9    **II.     DISCUSSION**

10         **A.     Legal Standard**

11         A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

12   relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To grant a motion to dismiss, the court must be

13   able to conclude that the moving party is entitled to judgment as a matter of law, even after

14   accepting all factual allegations in the complaint as true and construing them in the light most

15   favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

16   However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible"

17   cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has

18   "facial plausibility" when the party seeking relief "pleads factual content that allows the court to

19   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

20   *Iqbal*, 556 U.S. 662, 672 (2009) (internal quotes omitted). Although the Court must accept as

21   true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences

22   will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d

23   1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.

24   2001). In other words, a plaintiff must plead "more than an unadorned, the-defendant-

25   unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. In addition, RICO claims must

26   satisfy Fed. R. Civ. P. 9(b), which requires plaintiffs to "state with particularity the

1  circumstances constituting" their claims. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531,

2  541 (9th Cir. 1989)

3      To establish the basic elements of a civil RICO claim, a private plaintiff must allege

4  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L.*

5  *v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" includes a long list of statutorily

6  defined predicate acts such as mail and wire fraud, bank fraud, money laundering, and

7  transacting in stolen property. 18 U.S.C. § 1961(1)(B).

8      The WCPA likewise protects a "person who sustains injury to his or her person, business,

9  or property by an act of criminal profiteering that is part of a pattern of criminal profiteering

10  activity or by a violation of RCW 9A.82.060 [involving leading organized crime] or 9A.82.080

11  [involving using proceeds of a pattern of criminal profiteering for investing in property]." RCW

12  9A.82.100; *Winchester v. Stein*, 135 Wn.2d 835, 850 (Wash. 1998).

13      **B.      Defendants' Motions to Dismiss**

14      At the outset, the Court notes that Plaintiff's complaint—like many other pleadings filed

15  by Plaintiff's counsel—was lengthy and vague, and left the Court uncertain as to what precise

16  violations and injuries occurred. Plaintiff's responsive motions provided no additional help,

17  repetitively quoting case law without application to the facts at issue here. The Court

18  wholeheartedly disapproves of this litigation style. Not only does it waste the Court's time, it

19  causes harm to the Plaintiff, who ostensibly wishes that his claims be heard *and understood* by

20  an entity in the position to offer relief. Having issued that admonition, the Court now turns to the

21  merits of the Defendants' motions.

22          1.   NWTS's Motion

23      NWTS moves to dismiss on the ground that Plaintiff has alleged only a single act—not a

24  "pattern" of activity—against it. (Dkt. No. 46.) A RICO plaintiff must demonstrate "at least two

25  acts of racketeering activity." 18 U.S.C. § 1961(5). Similarly, under the WCPA, a "pattern of

26  criminal profiteering activity" means at least three acts of criminal profiteering committed within

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS

1    a five-year period. *Winchester*, 135 Wn.2d at 850.

2          Regarding NWTS, Plaintiff's complaint states only that NWTS "unlawfully generated,

3    recorded, and served the Notice of Trustee's Sale" as to one piece of property, located at 690

4    Northwest Atalanta Way. (*See* Dkt. No. 1 at 25-27.) While this technically identifies multiple

5    actions, the actions all concern a single fraudulent sale of property. There is no "pattern of

6    racketeering activity" if there is "a single episode with a single purpose which happened to

7    involve more than one act taken to achieve that purpose." *Sever v. Alaska Pulp Corp.*, 978 F.2d

8    1529 (9th Cir. 1992). Thus, Plaintiff has identified only one act committed by NWTS.

9          Plaintiff responds that "NWTS regularly engages in such activities by virtue of the

10   presence and involvement of MERS." (Dkt. No. 48 at 6.) As support, Plaintiff cites *Bain v.*

11   *Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 110 (Wash. 2012), in which the Washington Supreme

12   Court held that MERS is not an eligible beneficiary under the Washington Deed of Trust Act

13   (WDTA) if it never held the promissory note secured by a deed of trust. *Bain* does not address

14   the relationship between MERS and NWTS; in fact, NWTS is mentioned nowhere in the

15   opinion.

16         Plaintiff fails to allege a pattern of racketeering activity or a pattern of criminal activity

17   committed by NWTS. NWTS's motion to dismiss (Dkt. No. 46) is GRANTED.

18                  2.   First American's Motion

19         First American moves to dismiss on the ground that Plaintiff has not identified facts to

20   support a claim against First American. (Dkt. No. 50 at 4.) To survive a motion to dismiss, a

21   complaint must offer "more than labels and conclusions" and contain more than a "formulaic

22   recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. This is to "give the

23   defendant fair notice of what [the] claim is and the grounds upon which it rests." *Id.* (internal

24   quotations omitted). Moreover, when a RICO claim is alleged, the complaint must "state with

25   particularity the circumstances constituting" a RICO violation. Fed. R. Civ. P. 9(b). Rule 9(b)

26   prohibits "merely lump[ing] multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756,

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS
PAGE - 4

764 (9th Cir. 2007). Rather, plaintiffs must "differentiate their allegations when suing more than one defendant [and] inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65.

Regarding First American, Plaintiff's complaint states only that First American—along with MERS and various banks—participated in "efforts, threats, and/or attempts to foreclose" on certain of Plaintiff's properties. (*See* Dkt. No. 1 at 14, 18, 21, 24, 43.) The complaint identifies no specific facts as to First American's conduct or involvement.

In response to First American's motion, Plaintiff repeats the same allegation he made as to NWTS: that "First American regularly engages in such activities by virtue of the presence and involvement of MERS." (Dkt. No. 57 at 6.) Again, he cites *Bain*, which again fails to support his assertion. (*See* Dkt. No. 57 at 6.)

Plaintiff fails to adequately plead his claims against First American, either under RICO or the WCPA. First American's motion to dismiss (Dkt. No. 50) is GRANTED.

### 3.  MortgageIT's Motion

MortgageIT moves to dismiss on multiple grounds, including the failure to adequately plead facts that would entitle Plaintiff to relief. (Dkt. No. 52 at 8.) Regarding MortgageIT, Plaintiff's complaint alleges that MortgageIT was the original lender of the promissory notes on four of his properties, and that all loans were subsequently sold and securitized. (Dkt. No. 1 at 19-20, 23, 37-38, 40-41.) As a result, Plaintiff alleges, MortgageIT

> engaged in conduct involving the generation, creation, promotion, and issuance of sub-prime mortgage instruments, . . . the purpose being to securitize the mortgage instruments through the pooling of such mortgage instruments through mortgage backed securities trusts. [MortgageIT] acts and functions in concert with [various co-defendants] in facilitating and furthering the mortgage backed securitization offering and selling of securitized mortgage instruments by and through pooling and servicing agreements.

(Dkt. No. 1 at 48.) From this muddled assertion, the Court gleans that Plaintiff objects to MortgageIT's participation in the practice of securitizing subprime mortgages. While this

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS
PAGE - 5

1   practice certainly had economic ramifications (*see, e.g.*, Lisa Prevost, *Revisiting "Subprime"*

2   *Mortgages*, N.Y. Times, April 5, 2015, at RE8), Plaintiff fails to show that it constitutes a

3   criminal act that would give rise to a pattern of racketeering activity under 18 U.S.C.

4   § 1961(1)(B) or criminal activity under RCW 9A.82.010(4).

5        Plaintiff's complaint also alleges that MortgageIT created a bargain and sale deed for

6   one of his properties and that the deed lacked legal significance "inasmuch as MERS' [sic]

7   lacked any right under Washington law to serve as the allegedly designated 'nominee' under the

8   Deed of Trust." (Dkt. No. 1 at 20.) Assuming, without deciding, that this constituted a criminal

9   act under RICO or WCPA, it is a single act—not a pattern of prohibited activity.

10        MortgageIT's motion to dismiss (Dkt. No. 52) is GRANTED.

11             4.   MERS's Motion

12        MERS moves to dismiss on several grounds, including the failure to adequately plead

13   facts that would entitle Plaintiff to relief. (Dkt. No. 56 at 6.) Regarding MERS, Plaintiff's

14   complaint states that MERS was "not the named payee of the promissory note[s] but [was]

15   named as acting solely as a 'nominee' for the lender[s] as the beneficiary of the security interest

16   Deed[s] of Trust" for Plaintiff's ten properties. (Dkt. No. 1 at 8, 12, 15, 19, 23, 26, 31, 34, 37,

17   41.) However, "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an

18   actionable injury." *Bain*, 175 Wn.2d at 120.

19        Plaintiff further asserts that MERS acted in concert with various other defendants to

20   make "efforts, threats, and/or attempts to foreclose" on his properties, which, because MERS

21   lacked authority to initiate foreclosure proceedings, "constitutes both extortion and attempted

22   extortion." (Dkt. No. 1 at 10-11, 14, 18, 21-22, 24-25, 30, 33, 36, 39, 43.) Plaintiff makes only

23   this conclusory allegation of law; he alleges no actual facts as to MERS's involvement in the

24   foreclosure proceedings. Plaintiff's complaint thus fails to meet Rule 9(b)'s requirement of

25   specificity.

26        MERS's motion to dismiss (Dkt. No. 56) is GRANTED.

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS

1  **III.    CONCLUSION**

2          For the foregoing reasons, the motions to dismiss (Dkt. Nos. 46, 50, 52, 56) are

3  GRANTED.

4          DATED this 30 day of September 2015.

5

6

7

8

9

10

11                                              John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26