THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| CHARLES GREG NYGARD,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; AMERICAN MORTGAGE NETWORK, INC., a corporation; U.S. BANK NATIONAL ASSOCIATION, a national banking association; WACHOVIA MORTGAGE LOAN TRUST ASSET-BACKED CERTIFICATES, SERIES 2006-AMN1, a trust; FIRST AMERICAN TITLE INSURANCE COMPANY, a corporation; RESIDENTIAL FUNDING COMPANY, LLC, a limited liability corporation; DEUTSCHE BANK TRUST COMPANY AMERICAS, a corporation; RALI SERIES 2007-Q04 TRUST, a trust; MORTGAGEIT, INC., a corporation; MORTGAGEIT TRUST 2005-AR1, a trust; DEUTSCHE BANK NATIONAL TRUST COMPANY, a corporation; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR17, a trust; and, NORTHWEST TRUSTEE SERVICES, INC., a corporation,<br><br>    Defendants. | Case No. 2:14-cv-01730-JCC<br><br>**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE MORTGAGEIT TRUST 2005-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR1'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 6, 2015** |

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE'S MOTION TO DISMISS (2:14-cv-01730-JCC)

Page 1

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

# INTRODUCTION

The allegations in plaintiff Charles Greg Nygard's Complaint are far from clear. It appears, however, that he might be attempting to allege that the transfer of three of his mortgage loans into the MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 ("MortgageIT Trust 2005-AR1") violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Washington Criminal Profiteering Act ("WCPA"). Nygard did not name U.S. Bank National Association, as Trustee for the MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 ("U.S. Bank as Trustee") as a defendant in this case, but he did generically name U.S. Bank National Association.

To avoid the uncertainty created by Nygard's vague allegations, U.S. Bank as Trustee moves under Fed. R. Civ. P. 12(b)(6) to dismiss any allegations asserted against it in its trustee capacity because (1) any claim asserted under RICO or the WCPA based on the transfer of Nygard's loans into the MortgageIT Trust 2005-AR1 is untimely, and (2) Nygard fails to allege facts establishing *any* basis for imposing liability against U.S. Bank in its role as trustee.

# FACTUAL BACKGROUND

Nygard alleges that he owned ten real estate parcels. (Compl. at ¶ 5.) Three of the parcels were secured by mortgage loans originated by MortgageIt, Inc. (*Id.* at ¶¶ 43, 99, 110.) After origination, the loans were sold and the promissory notes were transferred into the MortgageIT Trust 2005-AR1. (*Id.* at ¶¶ 46, 102, 114.) The parcels associated with these three loans are located at:

- 6615 Commercial Avenue, Everett, WA 98203 (Loan # ******2192)
- 13305 29th Drive SE, Bothell, WA 98012 (Loan # ******2661)
- 1822 Leland Drive, Everett, WA 98203 (Loan #******8410)

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE'S MOTION TO DISMISS
(2:14-cv-01730-JCC)

Page 2

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

(*Id.* at pg. 19, 37, 40.) The closing date for the MortgageIT Trust 2005-AR1 was November 1, 2005. (*Id.* at ¶¶ 46, 102, 114.) Nygard asserts no other allegations related to the MortgageIT Trust 2005-AR1. Likewise, he does not make any allegations related to U.S. Bank's capacity or conduct as trustee of the trust. Specifically, there are no allegations that U.S. Bank as Trustee caused Nygard any injury.

## ARGUMENT

### A. Standard of Review

The purpose of Rule 12(b)(6) is to weed out invalid claims *before* parties expend time and resources on discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). To state a viable claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . [and cross the] line between possibility and plausibility of entitlement to relief." *Id.* at 555-57 (quotations omitted). While typically the allegations in a complaint must be accepted as true for purposes of a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations" are not entitled to this presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, dismissal is required under Rule 12(b)(6) where (1) there are insufficient facts to establish a cognizable legal theory, or (2) a cognizable legal theory itself is lacking. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Nygard's claims are untimely.

RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988). Likewise, claims brought under the WCPA are subject to a three-year limitations period. RCW 9A.82.100(7).

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE'S MOTION TO DISMISS
(2:14-cv-01730-JCC)

Page 3

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

Based on Nygard's allegations, his three loans transferred into the MortgageIT Trust 2005-AR1 by no later than November 1, 2005. (Compl. at ¶¶ 46, 102, 114.) But he did not file his Complaint in this case until November 2014, well after the statute of limitations had expired for both statutes on which he bases his claims. For this reason alone, to the extent Nygard is asserting claims against U.S. Bank as Trustee, they must be dismissed as untimely.

C.   **Nygard has failed to state a claim under RICO.**

To state a claim under RICO, the plaintiff must allege facts establishing (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) that causes harm. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985); *Sigmond v. Brown*, 828 F.2d 8, 8 (9th Cir. 1987). "Racketeering activity" is defined by the statute. 18 U.S.C. § 1961(1). Moreover, any claim asserted under RICO that is based on allegations of fraud is subject to the heightened pleading standard in Fed. R. Civ. P. 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Therefore, not only must a plaintiff state facts establishing a "plausible" claim, he must also state those facts "with particularity," including "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Fed. R. Civ. P. 9(b); *Edwards*, 356 F.3d at 1066.

In this case, Nygard does not meet the pleading standards stated in Rule 12(b)(6) or Rule 9(b) because he does not state *any* factual allegations related to U.S. Bank as Trustee, let alone plausible or particular allegations. As this Court has already recognized, Nygard's primary objective seems to be challenging the "practice of securitizing subprime mortgages." (9/30/15 Order (Doc. #68) at 5.) But this activity, in and of itself, does not establish a RICO claim. (*Id.* at 6.) Therefore, this claim must be dismissed.

//

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE'S MOTION TO DISMISS (2:14-cv-01730-JCC)

Page 4

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

**D. Nygard has failed to state a claim under the WCPA.**

To state a claim under the WCPA, the plaintiff must allege (1) an act of criminal profiteering, (2) that is part of a pattern of criminal profiteering or a violation of certain identified statutes, (3) that causes harm to person, business, or property. RCW 9A.82.100(1)(a); *Winchester v. Stein*, 135 Wn.2d 835, 850-51 (Wash. 1998) (citing RCW 9A.82.100).

Again, because Nygard states no allegations related to U.S. Bank National Association in its role as trustee of the MortgageIT Trust 2005-AR1, he fails to state a claim. There simply is no information in the Complaint giving U.S. Bank as Trustee notice of what Nygard contends it did wrong. Without this information, the bank as Trustee cannot meaningfully defend itself. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (alternation in original, citations omitted); *see also Burkart v. Mortgage Electronic Registration Sys., Inc.*, 2012 WL 4479577 (W.D. Wash. 2012) ("The trouble with the . . . complaint is not merely that it fails to plausibly allege claims upon which the court can grant relief, it is that no reasonable attorney could understand most of the claims . . . . Although the complaint suffers from implausibility, it suffers at least as much from incomprehensibility.") To the extent Nygard is asserting a claim against U.S. Bank as Trustee under the WCPA, it should be dismissed.

//
//
//
//
//

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE'S MOTION TO DISMISS (2:14-cv-01730-JCC)

Page 5

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

## CONCLUSION

For the foregoing reasons, U.S. Bank National Association, in its capacity as Trustee for the MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 respectfully requests that any claims asserted against it be dismissed and that it be dismissed as a party to this case.

DATED: October 9, 2015

LARKINS VACURA LLP

/s/William L. Larkins, Jr.
William L. Larkins, Jr., WSBA #33423
wlarkins@larkinsvacura.com
Danielle J. Hunsaker, WSBA #43430
dhunsaker@larkinsvacura.com
121 SW Morrison St., Suite 700
Portland, Oregon 97204
Telephone: 503-222-4424
Facsimile: 503-827-7600
Attorneys for Defendant U.S. Bank National Association, as Trustee for the MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE'S MOTION TO DISMISS (2:14-cv-01730-JCC)

Page 6

LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

## CERTIFICATE OF SERVICE

The undersigned hereby certifies and declares as follows:

That on October 9 2015, the undersigned caused a copy of U.S. Bank National Association, as Trustee for the MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1's Motion to Dismiss to be served upon all parties who have appeared in this action and who are registered with ECF.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 9th day of October, 2015, in Portland, OR.

By: /s/ William L. Larkins Jr.
William L. Larkins Jr.